JUDGE HARDIN
delivered the opinion of the court:
This action was brought by the appellants against Harrison and his sureties on his official bond as sheriff *385 of Daviess comity, for an alleged failure to return an execution issued from the clerk’s office of the Hopkins circuit court, and to pay over the money collected thereon.
Harrison and some of the other defendants, although not appearing to have been summoned, appeared, and objected that the court — the Hopkins circuit court — had no jurisdiction of the cause, and the objection being sustained, the appellants excepted and prayed an appeal to this court, which was granted; and it appears that the cause was then “ dismissed at the instance” of the appellants.
Two questions are presented:
1st. Had the circuit court jurisdiction?
2d. Has this court jurisdiction of the appeal?
If our decision of the first of these questions shall be against the appellants, it will render the consideration of the other unnecessary.
The 94th section of the Civil Code is as follows : “ Actions for the following causes must be brought in the county where the cause, or some part thereof, arose.
“ 1. An action for the recovery of a fine, penalty, or forfeiture, imposed by a statute, except, that where the offense for which the claim is made was committed on a water-course or road which is the boundary of two counties, the action may be brought in either of them.
“ 2. An action against a public officer for an act done by him in virtue or under color of his office, or for a neglect of official duty.
“ 3. An action upon the official bond of a public officer.”
The petition alleges that Harrison was the sheriff of Daviess county, and that the execution was directed to *386 the sheriff of Daviess county, and that he received it as such for collection, and did in fact collect it, but failed in part to pay over the money so collected or return the execution.
It is insisted, however, for the appellants, that as it was part of the sheriff’s official duty to return the execution to the clerk’s office of the Hopkins circuit court whence it issued, his failure to do so was a part of the cause of action which necessarily arose in Hopkins county, and therefore gave the court jurisdiction of the action.
But the sheriff was not required to go into Plopkins county to return the execution.
Section 2 of chapter 36, Revised Statutes, vol. 1, 492, provides that “ no sheriff shall be required to go out of his county to return process in a civil case.
“ 1. He may inclose such process with the return thereon (keeping a copy), directed to the plaintiff, and send the same by mail to the county whence it issued.
“ 2. When so sent in proper time, the officer shall not be liable.”
The averments of the petition do not, in our opinion, import any breach of the sheriff’s official bond in Idopkins. county, or elsewhere than in Daviess county, within which he was circumscribed in his authority under the execution. And therefore, for the alleged breaches of the official bond of the, sheriff, the right of action was restricted to Daviess county, and the objection to the jurisdiction of the Hopkins circuit court was properly sustained.
Wherefore, the judgment is affirmed.