BLEDSOE *v.* PIERCE-WILLIAMS COMPANY.

Opinion delivered January 10, 1921.

1. EXECUTION—PLACE OF MAKING RETURN.—Kirby's Dig., § 6381, specifying the manner of making return on an execution, does not require the sheriff to whom the writ has been directed from another county to bring it back in person to the office from which it issued; it being sufficient if he indorses a certificate of his proceedings under it and mails it back to the officer who issued it.

2. VENUE—ACTION AGAINST SHERIFF FOR FAILURE TO MAKE RETURN.— An action under Kirby's Dig., § 3286, against a sheriff for failure to make a return on an execution issued out of another county should be brought in the county in which the sheriff is an officer, and not in the county from which the execution issued.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara,* Judge; reversed.

*C. A. Starbird* and *E. L. Matlock,* for appellant.

The court had no jurisdiction. The venue was laid in Sebastian County instead of Crawford. Kirby's Digest, § 6061. The cause of action arose in Crawford County and no part of it in Sebastian County. 1 Bush (Ky.) 384. The cases in 51 S. W. Rep. 148 and 65 *Id.* 152 are not in point.

*Geo. W. Dodd,* for appellee.

1. The venue was properly laid. Kirby's Digest, §§ 3286, 6061; 60 Ark. 182; 40 Cyc. 82 to 84. The cases cited from Kentucky do not apply, as the Kentucky law is different from ours.

2. Under section 3525, Kirby's Dig., a sheriff is not required to execute process unless his fees are paid or tendered. 40 Ark. 377; 65 N. C. 48. Such words as "serving," "return" and "execute" in a statute regulating fees will be presumed to have been used in their technical sense. 47 Ark. 404. In the absence of a statute an

officer can not demand prepayment of fees before performing an official duty.   35 Cyc. 1601; 149 Ind. 149.

3.   There is no error in the instructions.   Kirby's Dig., § 3505; 40 Ark. 377.

HUMPHREYS, J.   This is an appeal from a judgment rendered in the Sebastian Circuit Court, Fort Smith District, against appellant, for failure to make a return, as sheriff, upon an execution issued out of said court on a judgment obtained by appellee against Alma Cash Store, an Arkansas corporation.   The execution was issued by the circuit clerk of Sebastian County, directed to appellant, sheriff of Crawford County, mailed to and received by him.   He failed to return the execution in the manner and within the time required by law.   Thereupon suit was instituted against him in the Fort Smith District of Sebastian County, under section 3286 of Kirby's Digest, which is, in part, as follows: "If any officer to whom any execution shall be delivered * * * shall not return any such execution on or before the return day therein specified, * * * such officer shall be liable and bound to pay the whole amount of money in such execution specified * * *."   Service was procured upon appellant in Crawford County.

A plea to the jurisdiction of the court was interposed and maintained throughout the progress of the trial.

The chief insistence of appellant on appeal is that the venue of the action was laid in Sebastian, instead of Crawford, County.  If neither the cause of action, nor any part thereof, arose in the Fort Smith District of Sebastian County, appellant's contention is correct, for it is provided by section 6061 of Kirby's Digest that an action against a public officer for a neglect of official duty must be brought in the county where the cause, or some part thereof, arose.   Under the system of government in vogue in Arkansas, each county has a sheriff, and he is confined in the exercise of official duties to the limits of his county, unless authorized specifically, or by necessary implication, to function elsewhere in the State.   There

is no specific direction, or direction by necessary implication, in the law requiring an officer outside of the county, to whom an execution has been directed, to bring it back in person to the office from which it issued and file it. The manner of making returns is prescribed by section 6381 of Kirby's Digest, which is as follows: ''Every officer to whom any writ shall be delivered to be executed shall indorse thereon the time when such writ came to his hands, and shall make return thereof in writing, and shall sign his name to such return, and set out how and in what manner he executed the same.'' An indorsement on the execution of a certificate of his proceedings under it and mailing the same back to the officer issuing it, or adopting any other usual and safe method of conveying it to its destination, would meet the requirements of the statute. Any other construction would necessitate long and expensive trips from one part of the State to another to return executions, at great loss of time, and without remuneration to the officers making them. Under this construction, appellant could have made the return on the execution in Crawford County, and his failure to do so was a delinquency or neglect of duty in Crawford County. The cause of action, therefore, necessarily arose where the delinquency occurred; that was in Crawford County. *Bank of Kentucky* v. *Harrison,* 1 Bush 384. The venue of the case was laid in the wrong county, and, for that reason, the judgment is reversed and the cause dismissed.