## REED v. WILSON.

Opinion delivered April 14, 1924.

1. SPECIFIC PERFORMANCE—CONTRACT AS BASIS.—A suit against the Commissioner of State Lands to compel him to execute a deed to plaintiff of certain lands, which he had applied to purchase by virtue of Acts 1917, p. 1468 (Crawford & Moses' Dig., §§ 6796-

6802) *held* not a suit for specific performance, as no elements of a contract were involved.

2.   MANDAMUS—MINISTERIAL DUTY.—A public officer may be compelled to perform a purely ministerial duty involving no discretion.

3.   VENUE—MANDAMUS AGAINST STATE OFFICER.—A mandamus against the State Land Commissioner to compel him to perform a ministerial duty by executing a deed to which plaintiff claims to be entitled under Acts 1917, p. 1468 (Crawford & Moses' Dig., §§ 6796-6802), must be brought in the county where such officer resides, under Crawford & Moses' Dig., § 1175.

4.   MANDAMUS—MATTER OF DISCRETION.—Since Acts 1917, p. 1468 (Crawford & Moses' Dig., § 6802), vests in the State Land Commissioner the discretion of determining whether an island in a navigable stream is agricultural or accretion land, or is below the mean high-water mark of the river, such discretion cannot be controlled by mandamus.

Appeal from Conway Chancery Court; *W. E. Atkinson,* Chancellor; affirmed.

*J. Allen Eades,* for appellant.

After the Commissioner entered into contract with appellant, received part of the consideration, and sold him the lands in question, there remained only the ministerial duty of making the deed to the land. We recognize the general rule that one cannot sue the State or one of its agents and compel him to perform acts which would necessarily involve the exercise of discretion, and the exception to that rule is equally well established, viz: that one can compel an official in chancery to complete his contract where there remains nothing to be done but a mere ministerial act, and on that we rely. 70 Ark. 584. A suit to compel the Commissioner in this case to sign a deed could only be maintained in the county where the land is located. 134 Ark. 340. The prohibition against suing the State or any official representing the State is confined to such suits as seek to charge the State with some liability or duty, and does not apply to ministerial acts. 35 Ark. 565, 568.

*J. S. Utley,* Attorney General, and *Strait & Strait,* for appellee.

1. The court properly sustained the demurrer, correctly holding that the suit is, in substance and effect, a suit against the State, and could not be maintained under the Constitution, art. 5, § 20; 91 Ark. 527; 161 U. S. 10; 185 U. S. 373; 4 Pomeroy, Eq. Jr. 1341; 98 Ark. 525; 106 Ark. 174; 108 Ark. 60. *King* v. *Harris,* 134 Ark. 337, relied on by appellant, is not out of harmony with the decisions above cited by appellee, but in reality supports our contention.

2. If a suit of this character could be maintained at all, the venue would be in Pulaski County, and not in Conway County, where the suit was brought. C. & M. Digest, § 1165; *Id.* § 1175.

McCulloch, C. J. This is an action instituted by appellant in the chancery court of Conway County against appellee as Commissioner of State Lands, whereby appellant seeks to compel appellee, as such Commissioner, to execute to him a deed conveying a tract of land in that county, alleged to be an island in the Arkansas River. Appellant alleged in his complaint that he applied to the Commissioner for the purchase of said land, and paid the estimated expense of survey, as required by statute; that the Commissioner appointed a surveyor, who surveyed the land and made its report, and that the Commissioner had refused, upon demand, to make a deed.

There was service of summons on appellee in Pulaski County, and he appeared by counsel for the purpose only of pleading to the jurisdiction of the court, and filed a demurrer on the ground that, according to the allegation of the complaint, the action was, in effect, one against the State, which could not be maintained under the Constitution, and second, that the court was without jurisdiction of the person of the defendant, in that the action was not brought in Pulaski County, where appellee resided and maintained his office. The court sustained the demurrer and dismissed the complaint.

A statute enacted by the General Assembly of 1917 (Acts of 1917, vol. 2, p. 1468, Crawford & Moses' Digest, § 6796 *et seq.*) provides for the sale of islands formed in

the navigable rivers of the State subsequent to its admission to the Union. It provides, in substance, that any person desiring to purchase that character of land shall file with the Commissioner of State Lands his application to purchase the same, describing it by local name, and depositing the estimated cost of survey, together with the sum of $1.25 per acre for the estimated acreage, and that thereupon the Commissioner shall appoint a surveyor to accurately survey the land and compile field-notes and plats, and that, upon receipt of the field-notes and plats by the Commissioner, and the payment of any additional amount of the price over and above the preliminary payment, the Commissioner shall make a deed to the applicant. Section 5 of the statute (Crawford & Moses' Digest, § 6800) gives the preemption right to *bona fide* claimants for one year after the passage of the act, and § 7 (Crawford & Moses' Digest, § 6802) provides that lands "which are not accessible to agriculture, nor which are below mean high water mark of the stream or river in which they are located," nor accretion lands that have "heretofore or may hereafter be formed," shall be sold or disposed of by the State under this statute.

Appellant's complaint contains sufficient allegations to show that he complied with the terms of the statute with respect to the filing of the application, the payment of the sums and causing the survey to be made, but that appellee refused to execute a deed. The action seems to have been denominated by both parties as an equitable one for specific performance, but this is not correct, as there are no elements of a contract involved in the controversy. Where a public official fails to perform a purely ministerial duty, involving no discretion, he may be compelled to do so by mandamus; but, if it be contended that the facts stated in the complaint are sufficient to call for an award of the writ of mandamus as an appropriate remedy and a transfer of the cause from the chancery court to the circuit court, that remedy being of a strictly legal nature, we are met with the reply that such an action must be prosecuted as a personal one

against the officer who refuses to perform his duty, and must be brought in the county where the officer resides. Crawford & Moses' Digest, § 1175.   That answer is complete.   The only theory upon which the officer can be sued at all is that he is not the representative of the State, but that his wrongful act of omission is attributable to his refusal to discharge a duty imposed upon him by law.   That being true, he must be sued in the county of his residence, in accordance with the provisions of the statute.   Another answer to the contention of appellant is that the statute relating to sales of lands of this character reposes in the Commissioner of State Lands a discretion in determining whether the lands sought to be purchased fall within the terms of the statute, for there is an express provision in § 7 that non-agricultural lands, nor accretion lands, nor lands below the mean high-water mark of a river, are not subject to sale under the statute.   This inhibition necessarily implies the exercise of discretion on the part of the Commissioner in determining whether or not the lands are subject to sale, and that discretion cannot be controlled by mandamus. *Lewis v. Owen,* 146 Ark. 469.

The chancery court was correct therefore in dismissing the complaint, and the decree is affirmed.