EDWARDS *v.* JACKSON.

Opinion delivered January 30, 1928.

1. VENUE—ACTIONS ON OFFICIAL BONDS.—Crawford & Moses' Dig., § 1165, providing that actions against public officers for an act done in virtue or under color of office or on official bond, except as provided in § 1175, must be brought in the county where the cause or some part thereof arose, *held* valid.

2. VENUE—ACTION ON SHERIFF'S BOND.—An action against a sheriff, deputies, members of posse, and sureties on sheriff's bond, for killing plaintiff's husband, must be brought in the county where the cause of action arose, under Crawford & Moses' Dig., § 1165.

Appeal from Polk Circuit Court; *B. E. Isbell,* Judge; affirmed.

*Steel & Edwards,* for appellant.

*J. I. Alley,* for appellee.

KIRBY, J. Appellant, Cynthia Edwards, brought this suit in Polk County, for her own benefit as widow and as next friend for her minor children, against George A. Jackson, sheriff of Montgomery County, his deputies, members of his posse and the sureties on his official bond, for damages for the alleged wrongful act of the sheriff, the willful, wanton and negligent killing of her husband, Carl Edwards, in Montgomery County, Arkansas, while he was driving along the public highway in a Ford touring car.

The complaint also alleged that all the defendants were residents of Montgomery County, except that Ed Lewis and Will Faulkner, who were members of the sheriff's posse at the time Carl Edwards was killed, are residents of Polk County, Arkansas.

A demurrer to the complaint and the jurisdiction of the court was interposed, its allegations showing that neither the cause of action or any part thereof were in Polk County, where the suit was brought, and also that the action was against a public officer, his deputies, members of his posse and the sureties on his official bond for acts done by him in virtue or under color of his office.

The demurrer was sustained, and, appellants declining to plead further, the cause was dismissed, and from the judgment comes this appeal.

Our statutes provide: "Actions for the following causes must be brought in the county where the cause or some part thereof arose   *   *   *.   Second.   On actions against a public officer for an act done by him in virtue or under color of his office, as for a neglect of official duty.   Third.   On actions upon the official bond of a public officer, except as provided in § 1175." Section 1165, C. & M. Digest.

The language and meaning of the statute on the questions involved herein is so plain as to admit of no construction. It was within the competency of the Legislature to enact it; is not in conflict with the Constitution of the State, and does not deprive appellants of any rights guaranteed by the Constitution of the United States.

The venue of the action, as shown by the allegations of the complaint, was in Montgomery County, where the cause arose, no part of it having arisen in Polk County, where the suit was brought, and the demurrer was properly sustained. *Bledsoe* v. *Pierce Williams Co.,* 147 Ark. 51, 226 S. W. 532; *Reed* v. *Williams,* 163 Ark. 520, 260 S. W. 438.

No error was committed in dismissing the complaint, and the judgment is affirmed.