LEONARD *v.* HENRY.

4-2999

Opinion delivered March 27, 1933.

 █ 

*Buzbee, Pugh & Harrison,* for petitioners.

*R. W. Wilson,* for respondent.

SMITH, J. Petitioner Leonard, who is the treasurer of the State of Arkansas, has filed in this court a petition for a writ of prohibition against Patrick Henry, as judge of the Bradley Circuit Court, to prevent that court from further proceeding with the trial of a cause there pending in which petitioner is a party in his official capacity as State Treasurer.

The petition alleges that on December 5, 1931, the State, on the relation of its Attorney General, filed suit in the Bradley Circuit Court against John C. Lee, as sheriff and collector of Bradley County, and the sureties on his official bond as collector of taxes, which alleged that Lee, as said collector, had collected, since January 1, 1931, moneys belonging to the State of Arkansas in the sum of $42,450.31, which the said Lee had failed and refused to pay into the State Treasury as required by law, but had unlawfully converted the same to his own use. It was alleged that, by reason of his failure to account for and pay over said moneys Lee has forfeited his right to commissions for making the collections, and had incurred the statutory penalty. Judgment was prayed against Lee and his official sureties.

On June 11, 1932, an amended complaint was filed containing allegations similar to those of the original complaint and, in addition, alleging that Roy V. Leonard was the duly elected, qualified and acting Treasurer of the State of Arkansas, and had given bond as such in the penal sum of $200,000, with the Union Indemnity Company as surety. That the said Lee, as collector, in attempting to make settlement of his tax collections with Leonard, as treasurer, had given checks on certain banks, which proved to be worthless, but Leonard, as treasurer, had accepted such checks as cash, and had issued to Lee a receipt showing full settlement; that Lee took the receipt, so issued by Leonard as treasurer, and presented

the same to the Auditor of State, and, upon the presentation and delivery thereof to the auditor, had obtained from that officer a quietus, thus making it appear that the said Lee had paid all of his indebtedness to the State of Arkansas, whereas the State has not been paid the moneys due by Lee as collector. The amended complaint prayed judgment against the treasurer and the surety on his official bond, as well as against Lee and the sureties on his official bond.

Summons was served on Leonard and his surety in Pulaski County.

On January 2, 1933, an amendment to the complaint was filed, which alleged that at various times and dates between April 1st and September 10, 1931, the defendant, Lee, as collector of Bradley County, collected the sum of $26,031.95 in taxes from the 1930 assessment of taxes, and paid the same to Leonard, as State Treasurer, by checks on various banks, which were duly collected, and that on sundry dates between March 4, 1931, and September 10, 1931, Lee, as collector of Bradley County, collected the sum of $35,150.38 belonging to the State, which was paid to Leonard, as State Treasurer, by checks which were duly honored. It was alleged that certain automobile license taxes were also collected by Lee and paid to Leonard, as treasurer.

It was further alleged that Lee, as collector, paid to Leonard, as treasurer, the sum of $66,182.33 by moneys collected as taxes for the year 1931 for the 1930 assessment thereof, and that at the request of Lee, and with the consent of Leonard, both acting in their official capacity, said money was unlawfully diverted from the purpose for which the taxes had been collected, and was used in making good certain indebtedness of Lee to the treasurer for 1930, and "said sum of money was paid to the credit of a fund in discharging an existing liability against the defendant, John C. Lee, to the State," and was unlawfully diverted at the request of Lee and so misapplied with the consent of Leonard, and these actions constituted them joint tort-feasors and made them and their bondsmen jointly and severally liable to the State

of Arkansas in the sums prayed for in the original complaint.

The defendant, Leonard, filed a motion to dismiss the suit against him and his surety, and, as grounds therefor, alleged:

"Roy V. Leonard on oath states: That he is a defendant in the above-entitled suit. That he is Treasurer of the State of Arkansas. That the suit is brought to recover from him on account of an official act done or omitted to be done. That no part of the said cause of action sued on arose in Bradley County. That he does not reside in Bradley County, but resides in Pulaski County. That he was not served with summons in Bradley County, but was served in Pulaski County and objects to the suit against him being tried in Bradley County."

For the reasons stated, it was alleged that the Bradley Circuit Court was without jurisdiction to proceed against Leonard as State Treasurer and the surety on his official bond.

The motion to dismiss was overruled, the court holding that it had jurisdiction of the cause of action alleged against the State Treasurer and his surety, whereupon, proceedings were filed in this court for a writ of prohibition.

The writ prayed for must be granted, for the reason that § 1175, Crawford & Moses' Digest, fixes the venue of such actions. This section reads as follows: "All actions for debts due the State of Arkansas, and all actions in favor of any State officer, State board or commissioner, in their official capacity, and all actions which are authorized by law to be brought in the name of the State, and all actions against such board or commissioner or State officer, for or on account of any official act done or omitted to be done, shall be brought and prosecuted in the county where the defendant resides."

The concluding phrase of this section, "in the county where the defendant resides," refers to the county of the officer's official residence, as the section relates to suits against an officer in his official capacity, and the county of his residence is therefore the place in which he performs the functions of his office. In the case of the State

Treasurer, the county in which that officer resides is, of course, Pulaski County, for it is there that he maintains his office and keeps the record thereof.

The reason for the statute is, no doubt, that the Legislature was unwilling to have the records of the officers and boards referred to in § 1175, carried out over the State and away from the place where they should be permanently kept. However, we are not required to determine the legislative purpose; it suffices to know the legislative fiat.

This § 1175 was construed in the case of *Edwards* v. *Jackson,* 176 Ark. 107, 2 S. W. (2d) 44, which was an action against the sheriff of Montgomery County and the sureties on his bond as such, which was brought in the Polk Circuit Court. It was alleged by the plaintiff in that suit that her husband had been wrongfully killed by the sheriff's posse, certain members thereof being residents of Polk County, who were served with process in that county. It was there insisted that, as the Polk County residents had been properly sued and served with process in that county, the right existed to sue the sheriff as a joint tort-feasor in that county. We held, however, that an action upon the official bond of a public officer had been localized by § 1175, Crawford & Moses' Digest, and could be brought only in the county in which the officer resided, and the suit against the sheriff and his sureties was dismissed upon demurrer, for the reason that the Polk Circuit Court was without jurisdiction of the cause of action, notwithstanding the allegation that all of the defendants were joint tort-feasors, two of whom had been properly sued in Polk County. In so holding, we said:

"The language and meaning of the statute on the questions involved herein is so plain as to admit of no construction. It was within the competency of the Legislature to enact it, is not in conflict with the Constitution of the State, and does not deprive appellants of any rights guaranteed by the Constitution of the United States.

"The venue of the action, as shown by the allegations of the complaint, was in Montgomery County, where the cause arose, no part of it having arisen in Polk

County, where the suit was brought, and the demurrer was properly sustained. *Bledsoe* v. *Pierce Williams Co.*, 147 Ark. 51, 226 S. W. 532; *Reed* v. *Williams*, 163 Ark. 520, 260 S. W. 438.''

If it be objected that our holding makes it necessary to sue the collector and his sureties in Bradley County, and the treasurer and his surety in Pulaski County, although it is alleged that they are joint tort-feasors, it may be answered that the statute so requires, and we have held that ''it was within the competency of the Legislature to enact it.''

The writ of prohibition will therefore be granted as prayed, restraining the Bradley Circuit Court from further proceeding in the suit against the State Treasurer and his surety in the Bradley Circuit Court.