STATE USE SCHOOL DISTRICT No. 14 *v.* AMERICAN SURETY COMPANY.

4-3114

Opinion delivered June 26, 1933.

674

*W. E. Beloate* and *Horace Chamberlin,* for appellant.

*Cunningham & Cunningham, W. P. Smith* and *J. H. Townsend,* for appellees.

JOHNSON, C. J., (after stating the facts). It will be seen from the statement of facts that this is a suit, primarily, upon the bond of the county treasurer of Lawrence County. In the outset we are confronted with the question of jurisdiction of the trial court.

Section 1165 of Crawford & Moses' Digest, in part, reads as follows: "Actions for the following causes must be brought in the county where the cause or some part thereof arose. * * * Third: On actions upon the official bond of a public officer, except as provided in § 1175."

Section 1175 of Crawford & Moses' Digest reads as follows:

"All actions for debts due the State of Arkansas, and all actions in favor of any State officer, State board or commissioner, in their official capacity, and all actions which are authorized by law to be brought in the name of the State and all actions against such boards or commissioners or State officer, for or on account of any official act done or omitted to be done, shall be brought and prosecuted in the county where the defendant resides."

In the case of *Edwards* v. *Jackson,* 176 Ark. 107, 2 S. W. (2d) 44, which was an action against the sheriff of Montgomery County and the sureties on his bond as such, and was brought in the Polk County Circuit Court, it was alleged by the plaintiff in that suit that her husband had been wrongfully killed by the sheriff's posse, certain members thereof being residents of Polk County, who were served with process in that county. It was there insisted that, as the Polk County residents had been properly sued and served with process in that county, the right existed to sue the sheriff as a joint tort-feasor, in that county. We held, however, that an action upon the official bond of a county officer had been localized by § 1165, Crawford & Moses' Digest, and could be brought only in the county in which the cause of action arose, and the suit against the sheriff and his sureties was dismissed upon demurrer, for the reason that the Polk Circuit Court was without jurisdiction of the cause of action, notwithstanding the allegation that all of the defendants were joint tort-feasors, two of whom had been properly sued in Polk County.

In the more recent case of *Leonard* v. *Henry, ante* p. 75, this court again approved the doctrine announced in *Edwards* v. *Jackson,* and used the following

language in reference thereto: "The language and meaning of the statute on the questions involved herein is so plain as to admit of no construction. It was within the competency of the Legislature to enact it; it is not in conflict with the Constitution of the State, and does not deprive appellants of any rights guaranteed by the Constitution of the United States.

"The venue of the action, as shown by the allegations of the complaint, was in Montgomery County, where the cause arose, no part of it having arisen in Polk County, where the suit was brought, and the demurrer was properly sustained. *Bledsoe* v. *Pierce Williams Co.,* 147 Ark. 51, 226 S. W. 532; *Reed* v. *Williams,* 163 Ark. 520, 260 S. W. 438."

From what we have said, it is perfectly evident that the venue of this action, as shown by the allegations of the complaint, was in Lawrence County, where the cause of action arose and where the official bond of the treasurer was executed, and not in Pulaski County, where the suit was filed.

It is not necessary to discuss other interesting questions presented in briefs.

For the error indicated, the judgment of the Pulaski County Circuit Court is reversed, and the cause of action dismissed.