CONWAY *v.* SHUCK.

4-6568                                          157 S. W. 2d 777

Opinion delivered January 19, 1942.

D. F. Taylor, for appellant.

Joe W. Rhodes and Wils Davis, for appellee.

Cecil Shane, amicus curiae.

McHANEY, J. On December 21, 1939, the Commissioner of State Lands, acting pursuant to the provisions of §§ 8739 *et seq.* of Pope's Digest, commonly known as the "Island Act," executed and delivered to appellants, Aubrey Conway and D. Fred Taylor, Jr., Island Deed No. 20, conveying to them certain lands therein described situated on an island in the Mississippi river in township 13 north, range 11 east, Mississippi county, Arkansas.

On April 2, 1940, appellants brought this action in ejectment against appellee who, it was alleged was wrongfully withholding possession of said lands, and they deraigned their title from the state, exhibiting their

deed thereto, which recites that the land conveyed is an island in a navigable river; that it belongs to the state of Arkansas; and that it is situated in said county and state. Appellee answered with a general denial and further "that the island in controversy herein is not a part of the state of Arkansas and that said state of Arkansas and this court have no jurisdiction over same."

The cause was submitted to the court sitting as a jury and the court found that appellants had failed to meet the burden of proving title in themselves, and entered judgment against them. The case is here on appeal.

It will be noticed from appellee's answer that he makes no claim of title. He simply denies appellants' title and questions the jurisdiction of the court, because, as he alleges, the island is not a part of the state of Arkansas. The state of Tennessee is making no claim and appellee makes no claim of title from the state of Tennessee. He is simply a squatter on the island without any color of title from any source. Neither this court nor the court below could determine whether the island is in Arkansas or Tennessee so as to bind the latter state.

The State Land Commissioner has determined that the island here involved is in Arkansas, has caused a survey thereof to be made by a surveyor appointed by him, whose qualifications are conceded, has sold the same to appellants and executed his deed therefor in consideration of $1.25 per acre and the costs of the survey, as provided in said statutes, and we think the finding by the commissioner is conclusive and binding on every one, except the state of Tennessee, in a proper action and in the proper forum, and except some person holding a claim of title from the state of Arkansas under some other statute, or from the state of Tennessee or through mesne conveyances originating from either state. Under § 8743 of Pope's Digest, bona fide claimants of islands or lands thereon are given a preference right of one year after the passage of the act, Acts 1917, p. 1468, "to apply for the survey and purchase of lands claimed by them, and, in event of conflict between applicants, the question of preference rights and procedure

to establish the same shall be determined by the commissioner under such rules and regulations as he may prescribe not in conflict with the provisions of this act, and the determination of said commissioner in the absence of fraud or collusion shall be final.'' This provision of the statute has been sustained. *Lewis* v. *Owen,* 146 Ark. 469, 225 S. W. 948; *Reed* v. *Wilson,* 163 Ark. 520, 260 S. W. 438; *Underdown* v. *Desha,* 142 Ark. 238, 219 S. W. 19. And it was held in these cases, to quote a headnote from *Reed* v. *Wilson, supra,* ''Since Acts 1917, p. 1468 (Crawford & Moses' Dig., § 6802), vests in the State Land Commissioner the discretion of determining whether an island in a navigable stream is agricultural or accretion land, or is below the mean high-water mark of the river, such discretion cannot be controlled by mandamus.'' Section 7 of the original act, now § 8745 of Pope's Digest provides: ''No lands shall be sold or disposed of by the state under the provisions of this act which are not accessible to agriculture nor which are below mean high water mark of the stream or river in which they are located. Provided, that this act shall not apply to accretion lands that heretofore or may hereafter be formed.'' And it was held in the Reed case, which was a suit by him to compel Wilson, State Land Commissioner, to issue to Reed a deed to an island in the Arkansas river, which he had applied to purchase and for the survey of which he had paid, that the act vested a discretion in the commissioner which could not be controlled by mandamus. See, also, *State* v. *Guthrie, ante,* p. 60, 156 S. W. 2d 210.

Until appellants got their deed from the state, appellee was a mere ''squatter'' on this island. Since that time he is a mere trespasser having no title from any source and claiming none. Bouvier's Law Dictionary defines a ''squatter'' as ''one who settle on the lands of another without any legal authority; this term is applied particularly to persons who settle on the public land.'' It is generally held, to quote a headnote in *Mayor et al.* v. *Hooks,* 182 Ga. 98, 184 S. E. 724, that ''A 'squatter' is a person entering upon lands, not claiming in good faith the right to do so by virtue of some agreement with an-

other whom he believes to hold the title." Also, that a "'squatter' can never gain prescriptive . title to land, regardless of how long he holds possession, since his possession is never considered as adverse." As said in *Parkersburg Industrial Co.* v. *Schultz,* 43 W. Va. 470, 27 S. E. 255, "Where one man has actual possession of land of another, if he makes no claim to own it, he is merely an intruder, commonly called a 'squatter,' and, no matter how long he may continue there, the statute of limitations will confer no right upon him, because he makes no claim against the true owner and his possession is, therefore, not adverse."

All of this leads to the conclusion that appellee has no right to question the title of the state of Arkansas or her grantees, because he has no vestige of title in himself from any source. But, even if he did have such right, it appears to us, from the evidence, including exhibits of the surveyor in the form of plats, maps, etc., that the commissioner was correct in determining that the land was in the state of Arkansas, was an island, and was subject to be sold and conveyed by him as state land, and that appellants acquired the title and have the right to dispossess appellee.

The judgment is reversed, and the cause is remanded with directions to award a writ of possession to appellants.