RAGAN *v.* COX.

4-7661                                   187 S. W. 2d 874

Opinion delivered May 28, 1945.

*J. B. Milham* and *Gladys Wied,* for appellant.

*Ernest Briner* and *Ben M. McCray,* for appellee.

McHANEY, J.  Appellant brought this action against appellees on the following complaint: ''Plaintiff, Louise Ragan, alleges that she is a minor twelve years old and a resident of Saline county, Arkansas, and that she resides with her mother and father and has so resided since the date of her birth which was the 3rd day of February, 1932; that the defendant, Ben H. Cox, is a resident of Saline county, Arkansas, and is of matured age, approximately sixty years of age, and is intimately and well acquainted with plaintiff and has been thus acquainted for some time past; that the said Ben H. Cox is also well acquainted with the defendant, W. A. Ragan, having known him personally for some time past.

''That the defendant, W. A. Ragan, is approximately fifty-five years of age and is an uncle of plaintiff, being of blood relation and within the fourth degree of consanguinity, which relationship was and is well known to the said Ben H. Cox and the said W. A. Ragan; that the defendant, W. W. Beeson, is a resident of Hot Spring county and is the county clerk of said county.

"That on the ......... day of July, 1944, the defendant, W. A. Ragan, wrongfully and unlawfully made application to the defendant, W. W. Beeson, county clerk of said Hot Spring county, for a marriage license for himself and this plaintiff, and on said date the said W. W. Beeson wrongfully and unlawfully issued said marriage license on said date and that immediately thereafter the said defendant, W. A. Ragan, came to plaintiff's home and unlawfully induced and persuaded plaintiff to accompany him to the said Ben H. Cox, who is a justice of the peace. And the said Ben H. Cox unlawfully and wrongfully and illegally married this plaintiff to the said defendant, W. A. Ragan; that at all times herein mentioned and at the date of said illegal and unlawful marriage plaintiff had no knowledge of what she was doing and had no knowledge of married relations or what the duty of a married person was or what she should do or what duties she should be expected or be called upon to do and perform toward and about her unlawful and illegal and pretended husband.

"But the defendant, Ben H. Cox, well knew that his act or acts in performing said illegal and felonious marriage would result in great damage to plaintiff, both of body and mind; he knew plaintiff's character and reputation would be stained, polluted and debauched; he knew her life would be made miserable; he knew the relationship of plaintiff and defendant, W. A. Ragan, and knew they were related within the fourth degree of consanguinity and that said marriage would be incestuous and that he was committing a crime.

"That said marriage license was issued by the defendant, W. W. Beeson, without the consent of plaintiff, or her mother or father, and that said marriage as alleged was performed by the said Ben H. Cox without the knowledge or consent of plaintiff's parents or either of them and that immediately after the performance of said unlawful, illegal and felonious marriage the defendant, W. A. Ragan, took plaintiff to Longview, Texas. On said trip plaintiff and defendant, W. A. Ragan, spent the first night near Haskell, Arkansas, and the second night in

Jefferson, Texas, where said defendant, W. A. Ragan, had sexual intercourse with plaintiff, and on the following day defendant, W. A. Ragan, took plaintiff on to Longview, Texas, and put her in a tourist camp cottage where he kept her for several days and nights and where he on several occasions had sexual intercourse with her; that during all of this time plaintiff's parents were looking for her and finally on the ........ day of August plaintiff's father found her at said Longview, Texas, and all of said time said defendant was keeping plaintiff against her parents' will and without their knowledge as to her whereabouts; that plaintiff being of such tender age, she did not know or realize what the results would be from such acts and deeds.

"That by reason of the unlawful acts of the defendants, and each of them as herein alleged, plaintiff was caused to suffer much pain, both of body and mind, and her character and reputation has been damaged and she will suffer much humiliation, pain and mental worry in the future; and that the damages to plaintiff as herein alleged was caused by the defendants as alleged herein and the defendants have damaged plaintiff in the sum of fifty thousand dollars.

"Wherefore, plaintiff prays judgment against the defendants and each of them jointly and severally in the sum of fifty ($50,000) thousand dollars, and for all her costs herein expended, and for any and all rights that in law plaintiff may be entitled to."

Later she amended her complaint charging that the defendants are joint tort feasors and that her damages were caused by their joint acts which were willful, wanton and malicious; that the first night after said illegal marriage she was kept under the railroad bridge which crosses the Saline river near Benton and was exposed to the rain and the insects, became ill and her health impaired; that she has and will suffer mental worry, anguish and humiliation; and she prayed for actual damages in the sum of $15,000, and punitive damages in the sum of $35,000.

Appellee Cox moved to dismiss as to him and alleged that he was improperly joined as a defendant, because there is no joint liability; that the complaint does not state a cause of action as to him, because the alleged marriage is valid until set aside by a court of competent jurisdiction, and that it is not alleged that it has been so set aside. A certified copy of the marriage license was attached to this motion showing it to have been issued by appellee Beeson, as county clerk of Hot Spring county, dated July 18, 1944, empowering any person authorized by law to publish the banns of matrimony between W. A. Ragan of Benton, Arkansas, age 53, and Miss Martha Louise Ragan of Benton, Saline county, Arkansas, age 18 years.

Appellee, Beeson, demurred to the complaint on the grounds, first, that it did not state facts sufficient to constitute a cause of action; and, second, that it shows on its face that the alleged cause of action as to him was based on his official act as county clerk of Hot Spring county and under § 1387 of Pope's Digest, the Saline Circuit Court does not have jurisdiction of the person of this appellee or the alleged cause of action.

Appellee Ragan demurred to the complaint because it failed to state a cause of action against him.

The court treated the Cox motion as a demurrer, sustained all of them, and dismissed the complaint. This appeal followed.

We think the court correctly sustained the Beeson motion or demurrer. There is no allegation in the complaint that appellee Ragan conspired with Beeson to procure the issuance of a license by him to marry the twelve-year-old girl. There is no allegation that Beeson knew her or her age, but the implication is that he did not know her and that it was falsely represented to him by Ragan that she was 18 years of age, since the license recites her age to be 18. Nor is it alleged that Beeson knew or had reason to know that he was issuing a license for the marriage of persons so closely related by consanguinity as to be prohibited by statute and made incestuous. But, in

any event, § 1387 of Pope's Digest provides: "Actions for the following causes must be brought in the county where the cause, or some part thereof, arose: . . . second: An action against a public officer for an act done by him in virtue or under color of his office, or for a neglect of official duty."

The issuing of the license by Beeson was in Hot Spring county, at Malvern, and the cause of action as to him, if any, arose there, and, under the allegations here made, the venue would be in Hot Spring county, and not in Saline county. *Edwards* v. *Jackson,* 176 Ark. 107, 2 S. W. 2d 44; *State* v. *Am. Surety Co.,* 187 Ark. 673, 63 S. W. 2d 13; *Williams* v. *Petty,* 188 Ark. 137, 64 S. W. 2d 553. The court correctly dismissed the complaint as to Beeson. Whether he was guilty of a violation of § 9047 of Pope's Digest and punishable as therein provided for issuing a license unlawfully is a question not before us.

As to Ragan and Cox, we think the court erred in sustaining the demurrers and in dismissing the action. According to the allegations of the complaint, the truth of which the demurrer concedes, they each knew, not only the age of this little girl, but the blood relationship existing between them. Section 2 of Act 404 of 1941 provides: "No license shall be issued to persons to marry unless and until the female shall attain the age of 16 years and the male the age of 18. years and then only by written consent by a parent or guardian until the male shall have attained the age of 21 years and female the age of 18 years."

Section 9018 of Pope's Digest provides: "All marriages between parents and children, including grandparents and grandchildren of every degree; between brothers and sisters of the half as well as the whole blood; between uncles and nieces, and between aunts and nephews; and between first cousins, are declared to be incestuous and absolutely void. This section shall extend to illegitimate children and relations."

The word "void" as used in § 9017 means "voidable." *Kibler* v. *Kibler,* 180 Ark. 1152, 24 S. W. 2d 867.

*Hood* v. *Hood,* 206 Ark. 1057, 178 S. W. 2d 670. If the only invalidity in the marriage of the little girl were her age, appellees Cox and Ragan would be right in their contention that the marriage was not void, but voidable, and, until annulled by a court of competent jurisdiction would be valid. It is so provided by § 9021 of Pope's Digest. *Hood* v. *Hood, supra.* But her age is not the only ground of invalidity alleged. The marriage was incestuous under § 9018 and by it declared to be "absolutely void," and by §§ 3318 and 3319 of Pope's Digest declared to be criminal and punishable by imprisonment in the penitentiary not less than three nor more than ten years. Such marriages are not merely voidable, but void *ab initio.* The general rule is thus stated in 35 Am. Jur. P. 267, § 143: "But marriages within the enumerated degrees of relationship are void, and not merely voidable, under a statute declaring such marriages to be incestuous, illegal and void, and making them criminal, or where they are declared incestuous and void from the beginning. So, in many other jurisdictions it seems to have been assumed that marriages which are incestuous because within the prohibited degrees of consanguinity, and which are expressly declared to be absolutely void, are void, and not merely voidable." A number of cases and annotations are there cited to support the statement, which they do. Interesting cases so cited are *Arado* v. *Arado,* 281 Ill. 123, 117 N. E. 816, 4 A. L. R. 28, and *Osoninach* v. *Watkins,* 235 Ala. 564, 180 So. 577, 117 A. L. R. 119, with an extended annotation to the latter case in the A. L. R. citation. In the Arado case the court said: "It would be contrary to reason to say that an act which is criminal can be valid for any purpose, or that a marriage contracted by persons incapable of entering into the contract can have any validity." We have found no case in this court where the language of § 9018 has been construed, and it seems reasonable to assume that the bench and bar have understood said language to mean what it plainly says,—that such marriages "are incestuous and absolutely void."

We, therefore, conclude that the complaint stated a cause of action against appellees Ragan and Cox. Sec-

tion 9025 of Pope's Digest provides: ''Whoever shall contract marriage in fact, contrary to the provisions of § 9018, and whoever shall knowingly solemnize the same, shall be deemed guilty of a misdemeanor.'' So, not only were Ragan and Cox guilty of misdemeanor, the one for contracting marriage in violation of said section, and the other for solemnizing same, but they are also liable in an action *ex delicto* for damages to appellant. 35 Am. Jur., p. 343, § 242.

The judgment as to them is reversed and the cause remanded with directions to overrule the demurrers, and for further proceedings not inconsistent with this opinion.