COOK, COMMISSIONER OF REVENUES *v.* GORE.

4-8775                                           218 S. W. 2d 82

Opinion delivered March 7, 1949.

*O. T. Ward,* for appellant.

*Warren E. Wood* and *Griffin Smith, Jr.,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, Commissioner of Revenues of the State of Arkansas, filed an action against appellees, Booker Gore and Earl Gore, in the Pulaski Circuit Court to recover damages to a motor truck belonging to the Revenue Department. The complaint alleged that the damages resulted from a collision between said truck and a truck being negligently operated by appellees. Appellees are residents of St. Francis county, Arkansas, where the collision occurred. Summons was issued by the Pulaski Circuit Clerk and served on appellees in St. Francis county. The trial court sustained appellees' motion to quash the summons for want of proper venue and the commissioner has appealed.

Correctness of the trial court's action in sustaining the motion to quash involves the construction of Ark. States. (1947), §§ 27-603 and 34-201. Section 27-603 provides: "The following actions must be brought in the county in which the seat of government is situated:

"First. All civil actions in behalf of the State, or which may be brought in the name of the State, or in which the State has, or claims an interest, *except as provided in § 484 as amended.*

"Second. All actions brought by State Boards, State Commissioners, or State officers, in their official capacity, or on behalf of the State, *except as provided in § 484 as amended.*

"Third. All actions against the State, and all actions against State boards, State commissioners or State officers on account of their official acts.

"Fourth. All actions now authorized by law to be brought in the separate court of chancery of Pulaski County." This section originally appeared as § 90 of the Civil Code without the words in italics, which were added by Act of 1871, p. 229.

Section 484 of the Civil Code originally provided that all actions in favor of the State should be brought in the county "which includes the seat of government." By the

Acts of 1871, p. 240, § 484 was amended to provide that all such actions should be brought in the county "where the defendant resides." Section 484 as thus amended now appears as § 34-201 and reads: "All actions for debts due the State of Arkansas, and all actions in favor of any State officer, State board or commissioner, in their official capacity, and all actions which are authorized by the provisions of this Code, or by law, to be brought in the name of the State, and all actions against such board or commissioner, or State officer, for, or on account of any official act done, or omitted to be done, shall be brought and prosecuted in the county where the defendant resides. (Provided that actions now pending in the courts of Pulaski county shall proceed in the same to final trial and adjudication: And provided further, that this section shall not affect suits authorized by existing laws to be brought in the separate court of chancery of Pulaski county.)" The Compiler's Notes to the 1947 statutes show that the last portion of this section was enclosed in parentheses by said compiler as obsolete.

After the two statutes in question were amended by the Acts of 1871, the section last amended (34-201) seems to include the whole subject matter covered by § 27-603, *supra*. Apparently this was the theory upon which § 27-603 was omitted in Gantt's and subsequent digests until the publication of the annotated statutes of 1947. Whether we treat § 34-201 as having superseded § 27-603 or as merely including exceptions thereto, it is clear that the last expression of legislative intent places the venue of the instant action in St. Francis county where appellees reside. This is an action in favor of the State by the State Commissioner of Revenues in his offical capacity and falls within that class of suits mentioned in § 43-201, *supra*. It has been held that where a general statutory provision contains an express exception, courts are required to give effect thereto, even though it may render the principal clause meaningless. *Campbell* v. *Jackman Bros.,* 140 Iowa 475, 118 N. W. 755, 27 L. R. A., N. S. 288.

Appellant also invokes the provisions of Ark. Stats. (1947), § 27-611, which is § 1 of Act 182 of 1947, and says that the commissioner's official residence being in Pulaski county, the suit may be maintained there. This act fixes the venue of actions for damages to personal property by the negligence of another either in the county where the accident occurred or the county where the owner of the property resides to correspond with the venue for personal injury suits under Act 314 of 1939. The act applies to persons and not the State. It did not amend § 34-201, *supra,* and makes no reference to actions by the State.

It follows that the trial court correctly held venue of the instant suit to be in St. Francis county where appellees reside and the judgment sustaining the motion to quash is accordingly affirmed.

GRIFFIN SMITH, C. J., not participating.