SOUTHWESTERN BELL TELEPHONE Co. & JAMES R. WHEELER v. RUSSELL C. ROBERTS, JUDGE, FAULKNER CIRCUIT COURT

5-4876                                          440 S.W. 2d 208

Opinion Delivered May 5, 1969

*Donald K. King* and *George F. Hartje, Jr.* for petitioners.

*Guy H. Jones* and *Phil Stratton* for respondent.

FRANK HOLT, Justice.     This is an action by Faulkner County, brought in the name of the state, to recover damages from the petitioners.     The plaintiff alleged that petitioners negligently installed an underground cable across a county road and as a result of such negligence a county owned motorgrader overturned when it struck the concealed obstruction, causing damage to the vehicle and injuring the county employee driver.     The plaintiff sought to recover $2,000.00 for damage to the motorgrader and reimbursement of $2,054.30 for medical and hospital expenses paid on behalf of its injured employee.     The petitioners responded to the complaint by filing a motion to quash the summons and dismiss the action for lack of venue.     Petitioners alleged that proper venue was in Pulaski and not in Faulkner County since petitioner Southwestern Bell Telephone Company is a foreign corporation legally doing business in Arkansas and petitioner Wheeler is a Pulaski County resident. The trial court, the respondent, denied their motion.     A temporary writ of prohibition was granted by this court

and now the issue is whether the writ should be made permanent. This action was instituted in the name of the state pursuant to Ark. Stat. Ann. § 17-302 (Repl. 1968). This statute reads that when a "county has any demand against any persons or corporations, suit thereon may be brought in the name of the State for the use of the county."

Since this action is in the name of the state, the petitioners contend that venue lies in the Circuit Court of Pulaski County and not Faulkner County by reason of Ark. Stat. Ann. §§ 27-603 and 34-201 (Repl. 1962). The petitioners are correct.

There are certain actions which must be brought in Pulaski County according to the terms of §§ 27-603 and 34-201. In pertinent part, § 27-603 provides:

"The following actions must be brought in the county in which the seat of government is situated:

First. All civil actions in behalf of the State, or which may be brought in the name of the State, or in which the State has, or claims an interest, except as provided in sec. 484 as amended [§ 34-201]."

Section 34-201 provides, in pertinent part, that:

"* * * all actions which are authorized by the provisions of this Code, or by law, to be brought in the name of the State, * * * shall be brought and prosecuted in the county where the defendant resides."

The respondent argues, however, that these quoted statutes are not applicable and relies upon Ark. Stat. Ann. § 27-611 which provides that:

"Any action for damages to personal property by wrongful or negligent act may be brought either in the county where the accident occurred which caused the damage or in the county of the residence

of the person who was the owner of the property at the time the cause of action arose."

Respondent contends that the effect of this statute is to localize a formerly transitory cause of action and, since it is the more recent statute, it should control the venue in the case at bar.

This contention, however, has been decided adversely to respondent. We have held that § 27-611 is a general venue statute governing civil suits brought by persons for the recovery of damages to their property and, therefore, it is inapplicable to an action brought on behalf of or in the name of the state. In other words, it applies to persons and not the state. *Cook, Commissioner* v. *Gore,* 214 Ark. 777, 218 S.W. 2d 82 (1949). There we said that § 27-611 did not amend or affect § 34-201. In *Downey* v. *Toler, Judge,* 214 Ark. 334, 216 S.W. 2d 60 (1948), respondent contended that personal injury actions were localized by Ark. Stat Ann. § 27-610. This section provides that actions to recover for personal injury shall be brought in the county where the injury occurred or in the county where the injured person resided at the time of the injury. We held that since the defendant state policemen were state officers the controlling venue statute was § 34-201 which was unaffected by § 27-610, the later statute. Thus, venue was limited to Pulaski County which is the official residence of state officers.

Respondent argues that to be required "to pursue their remedies in the distant courts of Pulaski County" would cast an unconscionable burden upon other counties. There is much merit and appeal in respondent's argument when the practical aspect of venue is considered. However, the rule is well established that the wisdom and expediency of a statute should be addressed to the legislature. In *Newton County Republican Central Committee* v. *Clark,* 228 Ark. 965, 311 S.W. 2d 774 (1958) we said:

868

> "We have repeatedly said that the question of the wisdom or expediency of a statute is for the Legislature alone. The mere fact that a statute may seem to be more or less unreasonable or unwise does not justify a court in annulling it, as courts do not sit to supervise legislation. Courts do not make the law; they merely construe, apply, and interpret it."

See, also, *Leonard* v. *Henry,* 187 Ark. 75, 58 S.W. 2d 430 (1933).

In the case at bar, petitioner Wheeler is a resident of Pulaski County. Therefore, § 34-201 requires that venue in this case is in Pulaski County. Petitioner Southwestern Bell Telephone Company is a foreign corporation authorized to do business in Arkansas. A foreign corporation is not recognized, however, as having a local or county residence. *Pekin Cooperage Company* v. *Duty,* 140 Ark. 135, 215 S.W. 715 (1919); *Central Coal & Coke Company* v. *Orwig,* 150 Ark. 635, 235 S.W. 390 (1921). Therefore, Ark. Stat. Ann. § 27-603 places the venue at "the seat of government" which is in Pulaski County.

The temporary writ is made permanent.