JOHN H. REEVES ET UX v. METROPOLITAN
TRUST COMPANY

73-71                                498 S.W. 2d 2

Opinion delivered July 23, 1973
[Rehearing denied September 4, 1973.]

*Tanner & Wallace,* for appellants.

*H. B. Stubblefield,* for appellee.

GEORGE ROSE SMITH, Justice. This suit to quiet title, brought by the appellee, presents a boundary line dispute between the appellee, a corporation holding record title to the area in question, and the appellants, a married couple asserting title by adverse possession. The chancellor found the issues in favor of the appellee. We sustain his decision as to that part of the tract lying outside a hedge planted by the appellants in 1952, but we find his decision to be against the weight of the evidence as to that part of the tract lying inside the hedge.

The parties own adjoining parcels in the Park Hill Addition to North Little Rock. In 1952 Mr. and Mrs. Reeves bought their home, which occupies a lot lying diagonally with the compass and fronting on Skyline Drive to the northeast. The appellee's property, lying to the east and also fronting on Skyline Drive, has been vacant all along.

According to Reeves, three of his four corners had been surveyed and marked by pins set in concrete, in connection with litigation pending between neighboring landowners. The fourth corner, being the easternmost corner touching Skyline Drive, was not marked by a pin; but Reeves found a car axle, driven into the ground, which he took to be the true corner. Reeves planted a hedge from that point to the southernmost corner of his lot and took possession by maintaining a lawn between the hedge and his house. The car axle was actually about eleven feet east of the true corner, so that Reeves in fact took possession of a triangular area, eleven feet wide at the street, which was owned by Metropolitan.

The appellants' proof of adverse possession for twenty years is virtually undisputed. Metropolitan's principal argument is that since its land was unenclosed and unimproved, the Reeveses' possession should not be deemed to have been adverse. The cases cited stem from our decision in *Boullioun* v. *Constantine*, 186 Ark. 625, 54 S.W. 2d 986 (1932). That line of cases, however, has to do with easements, such as those arising from pedestrian or vehicular travel across vacant lots. Those decisions have no bearing upon the adverse possession of Mr. and Mrs. Reeves, who enclosed and possessed the tract for twenty years in the good faith belief that they owned it. We find no merit in Metropolitan's contention that it followed a practice of allowing its neighbors to use its land permissively, for no notice of any such practice was brought home to the appellants. Nor does it matter that the encroachment was not readily visible from the street, for it was Metropolitan's duty to keep itself informed with respect to adverse occupancy of its property.

The second phase of the case involves a dog pen lying outside the hedge. In 1961 the city passed a dog leash law. Reeves built an enclosed pen outside the hedge, because he had to have a place to keep his dogs. He admits candidly that he knew the land did not belong to him. Both he and his wife testified that they did not mean to claim any land that they did not own. In the circumstances their use of their neighbor's land was not adverse and did not ripen into title. *Conway* v. *Shuck*,

203 Ark. 559, 157 S.W. 2d 777 (1942); *Shirey* v. *Whitlow*, 80 Ark. 444, 97 S.W. 444 (1906).

The decree is affirmed in part and reversed in part, and since the title to land is involved, the cause is remanded for the entry of a decree conforming to this opinion.