PHILCO-FORD CORPORATION *v.* Judge
John G. HOLLAND

76-408                                                     548 S.W. 2d 828

Opinion delivered April 4, 1977
(Division II)

*Griffin Smith*, for petitioner.

*Gean, Gean & Gean*, for respondent.

DARRELL HICKMAN, Justice. The only issue in this case is the constitutionality of an Arkansas statute permitting a non-resident corporation to be sued in a contract action in the county where the plaintiff resides.

The lower court overruled Philco-Ford Corporation's motion to quash service and from that order, Philco-Ford, the petitioner, requests a writ of prohibition against the circuit judge from proceeding further.

Philco-Ford is a non-resident corporation which has an agent for service in Pulaski County, Arkansas. It has no principal place of business or chief officer in the State. It was sued in Sebastian County, Arkansas by the respondent, a plaintiff-resident of that county, pursuant to a venue statute which reads as follows:

> Contract actions against a non-resident of this state or a foreign corporation may be brought in the county in which the plaintiff resided at the time the cause of action arose. Ark. Stat. Ann. § 27-619 (Repl. 1962).

We have said, and the U.S. Supreme Court has held, that foreign corporations must be treated the same as domestic corporations regarding the venue of law suits. See *Cavette v. Ford Motor Credit Co.*, 260 Ark. 874 (1977). *Power Manufacturing Company v. Saunders*, 274 U.S. 490 (1927).

The respondent in this case argues that the *Power* case was overruled by the U.S. Supreme Court in the case of *American Motorists Insurance Co. v. Starnes*, 425 U.S. 637 (1976). The *Starnes* case did not overrule the *Power* case. The *Starnes* case involves a Texas venue statute and the court found that the Texas law did not really discriminate against foreign corporations but treated them substantially the same as domestic corporations.

Arkansas law does not permit a domestic corporation to be sued in a contract action in the county where the plaintiff

resides at the time the cause of action arises. The suit must be brought in the county where the corporation has its principal office or place of business, or where the chief officer resides. See Ark. Stat. Ann. § 27-605 (Repl. 1966).

Therefore, we hold that Ark. Stat. Ann. § 27-619 (Repl. 1962) is unconstitutional in that it discriminates against foreign corporations in violation of the Equal Protection Clause of the Fourteenth Amendment to the U. S. Constitution.

Writ granted.

We agree: HARRIS, C.J., and FOGLEMAN and ROY, JJ.