EQUITY FIRE & CASUALTY INSURANCE COMPANY *v.*
Mary Odean COLEMAN and Rudolph Coleman

95-761                                        928 S.W.2d 796

Supreme Court of Arkansas
Opinion delivered September 30, 1996

*Hardin, Jesson, Dawson & Terry*, by: *Robert M. Honea*, for appellant.

*Bethel, Callaway, Robertson, Beasley & Cowan*, by: *John R. Cowan*, for appellees.

DAVID NEWBERN, Justice. Mary Odean Coleman was involved in an automobile collision with a car driven by Richard Feagin. The car Mr. Feagin was driving was owned by Velva Crase, an Oklahoma resident, who had loaned it to her son, Billy Crase, who resided with Mr. Feagin in Sebastian County. The accident occurred in Sebastian County. Mrs. Coleman and her husband, Rudolph Coleman, sued Mr. Feagin and obtained a default judgment for $17,500. The Colemans then sued the appellant, Equity Fire & Casualty Insurance Company (Equity), alleging that a liability insurance policy issued by that Company covered the vehicle being driven by Mr. Feagin.

The Colemans' direct action against Equity was brought purportedly in accordance with Ark. Code Ann. § 23-89-101 (Repl. 1992). Such an action is allowed if, in the words of the statute, "the judgment remains unsatisfied at the expiration of thirty (30) days from the serving of notice of entry of judgment upon the attorney for the insured or upon the insured or upon the insurer."

The Colemans were awarded a judgment against Equity in the amount of their earlier judgment against Mr. Feagin plus a penalty, attorney's fee, and interest. Equity has raised a number of points in its appeal, but we need only consider one of them. Because venue was improperly laid we must reverse and dismiss the case.

The action of the Colemans against Equity was brought in Crawford County where the Colemans reside. Their complaint alleged venue was properly laid in Crawford County because the action was for personal injury and thus could be brought in the county of the plaintiffs' residence. Ark. Code Ann. § 16-60-112 (1987).

Equity answered the complaint, objected to the Crawford County venue, and moved to dismiss. Attached to the motion to dismiss was an affidavit of an Equity adjuster to the effect that, at the time of the accident Equity had not qualified to do business in

Arkansas, but by the time the complaint against it was filed, it had so qualified and had appointed the Arkansas Insurance Commissioner as its agent to receive process in Pulaski County.

Section 23-89-101 provides:

> (a) Any policy of insurance issued or delivered in this state indemnifying any person against any actual money loss sustained by the person for damages inflicted upon the property or person of another shall contain a provision that the injured person, or his or her personal representative, shall be subrogated to the right of the insured named in the policy.

> (b) The policy shall also contain a provision that the injured person, or his or her personal representative, whether the provision is actually inserted in the policy or not, may maintain a direct cause of action against the insurer issuing the policy for the amount of the judgment rendered against the insured, not exceeding the amount of the policy, provided the judgment remains unsatisfied at the expiration of thirty (30) days from the serving of notice of entry of judgment upon the attorney for the insured or upon the insured or upon the insurer.

■ There is strong doubt § 23-89-101 applies in this case in view of evidence that the policy of insurance in question was neither issued nor delivered in Arkansas. But even if it were applicable, it obviously is a subrogation statute, the purpose of which is to confer upon an injured person the rights of the named insured against the insurance company. The action permitted by the statute is thus contractual in nature and not for personal injury. The personal injury action ended with a judgment in favor of the Colemans. The statute, if it applies, places them in the shoes of the insured suing the insurer alleging coverage under the insurance agreement.

■ We have held the statute permitting a contract action against a nonresident foreign corporation to be brought in the county of the plaintiff's residence, Ark. Code Ann. § 16-60-109 (1987), to be unconstitutional when the foreign corporation is one that has qualified to do business in this State. *Philco-Ford* v. *Holland,* 261 Ark. 404, 548 S.W.2d 828 (1977). There is a special venue statute, Ark. Code Ann. § 23-79-204 (Repl. 1992), which governs an action for loss by an insured or beneficiary under an insurance

policy. It provides the action is to be brought in the county in which the loss occurred or the county of the insured's residence at the time of the loss. Crawford County is neither.

Remaining for consideration is our general or "catch-all" venue provision found in Ark. Code Ann. § 16-60-116(a) (1987). It provides, "Every other action may be brought in any county in which the defendant, or one (1) of several defendants, resides or is summoned." Equity neither resided in nor was summoned in Crawford County. The action should have been brought in Pulaski County after proper service upon Equity by service upon the Insurance Commissioner.

In response to Equity's venue argument, the Colemans cite *Szalay* v. *Handcock,* 307 Ark. 232, 819 S.W.2d 684 (1991), and *Reasor-Hill Corp.* v. *Harrison,* 220 Ark. 521, 249 S.W.2d 994 (1952). The *Szalay* case has to do only with jurisdiction of a nonresident insurer under a long-arm statute and nothing to do with venue. The *Reasor-Hill Corp.* case is a landmark decision. The action in question was for injury to real property located in Missouri. The party defending was an Arkansas resident. According to the common law "local-action rule," the claim was required to be presented in the jurisdiction in which the property lay. The defendant, however, could not be served in Missouri. By following the local-action rule, the claim would have been entirely frustrated. We declined to follow the local-action rule and permitted the action to be brought in Arkansas. That decision has no applicability to the facts now before us.

When venue is improperly laid, we reverse and dismiss. *Junction City School Dist.* v. *Alphin,* 313 Ark. 456, 855 S.W.2d 316 (1993).

Reversed and Dismissed.

JESSON, C.J., not participating.