MEEKS *v.* WAGGONER.

4-3985

Opinion delivered July 1, 1935.

*Trimble, Trimble & McCrary,* for petitioners.

*John R. Thompson* and *W. P. Beard,* for respondent.

MCHANEY, J.   On January 11, 1935, Ethel E. Smith and her husband, J. C. W. Smith, filed an action in the Lonoke Circuit Court against the Magnolia Petroleum Company, a foreign corporation, and against the petitioners, Jim Meeks and Ewell Smith, to recover damages for personal injuries alleged to have been sustained by the plaintiff, Ethel Smith, caused by their joint negligence in painting a strip across the sidewalk adjacent to a filling station, in the city of Little Rock, owned by the Magnolia Petroleum Company and operated by the petitioners as servants and employees, in that she stepped upon the wet paint on the sidewalk, slipped, fell and was injured thereby.   Service was had upon the Magnolia Petroleum Company in Lonoke County by delivering a copy of the summons to its agent therein. Service was had upon the petitioners in Pulaski County, they being residents and citizens thereof.   Thereafter, in apt time, they appeared in the Lonoke Circuit Court, especially for the purpose, filed their motion to quash the service had upon them and objected to the jurisdiction of the court on this ground.   The court overruled the motion to quash the service, and held that it had jurisdiction of the parties.   They thereafter filed their petition in this court for a writ of prohibition against W. J. Waggoner, judge of the Lonoke Circuit Court, in which they alleged want of proper service upon them and lack of jurisdiction of the person of the petitioners by the Lonoke Circuit Court.

Plaintiffs and petitioners are all residents of Pulaski County and the Magnolia Petroleum Company, the other defendant to the action, has its principal Arkansas office and place of business in Little Rock in said county. However the latter is a foreign corporation, doing business in Lonoke County, and has an agent and place of business therein. It seems to be conceded that the Magnolia Petroleum Company has been properly served with process in Lonoke County, and it is not a party to this proceeding. The petitioners contend with some degree of force and justice that, since they are residents of Pulaski County, and since plaintiffs in the action in Lonoke County are also residents of Pulaski County, and since all the witnesses reside in Pulaski County, and the Magnolia Petroleum Company has its principal office and place of business in said county, the action should have been brought in Pulaski County where all the parties reside, and they should not be compelled to go out of the county of their residence to defend the action.

The Legislature however prescribes the venue of actions and the manner of serving summons upon defendants, and with the wisdom of its action in such matters the courts have nothing to do. After prescribing the venue of actions in many particular cases, it is provided by § 1176, Crawford & Moses' Digest, as follows: "Every other action may be brought in any county in which the defendant, or one of several defendants, resides, or is summoned."

The joint defendant, Magnolia Petroleum Company, has been properly served in Lonoke County, therefore, under the plain provisions of § 1176, the petitioners were properly brought into the action in the Lonoke Circuit Court. One of the three defendants was properly summoned in Lonoke County. Therefore the venue was properly laid as to the other defendants, petitioners herein. As said by Mr. Justice FRAUENTHAL in *Wernimont* v. *State*, 101 Ark. 210, 142 S. W. 194, quoted with approval in *Seelbinder* v. *Witherspoon*, 124 Ark. 331, 187 S. W. 325: "It is the policy and spirit of our law, enacted into statute by our Legislature, that every de-

fendant shall be sued in the township or county of his residence. To this general principle there are statutory exceptions, chiefly in cases where there is a joint liability against two or more defendants, residing in different counties. In such cases it is provided that suits may be brought in the county of the residence of any of the defendants, and service of summons can be had upon the other defendants in any county, thereby giving jurisdiction over their persons to the court wherein the suit is thus instituted. Kirby's Digest, §§ 6072 and 4558. But, before this jurisdiction can be acquired by virtue of these statutes over the person of such defendants nonresident of the county wherein the suit is instituted, it is essential that the defendant resident of the county where the suit is brought shall be a *bona fide* defendant. By our statute, it is further provided that, before judgment can be had against such nonresident defendants, a judgment must be obtained against the resident defendant. Kirby's Digest, § 6074.''

In *Metzger* v. *Mann*, 183 Ark. 40, 34 S. W. (2d) 1069, Metzger was served in Faulkner County. Other defendants, nonresidents of Pulaski County, entered their appearance in the action. We held that Metzger was not properly served because the joint defendants did not reside, and were not summoned in Pulaski County, having entered their appearance only. The situation is different here. While the Magnolia Petroleum Company may not be said to reside in Lonoke County, it was personally summoned there, and this gave the court jurisdiction of the petitioners, residents of Pulaski County. See also the recent case of *Arkansas Democrat* v. *Means*, 190 Ark. 948, 82 S. W. (2d) 256. Other cases cited by counsel for petitioners are not in point, and we think it would serve no useful purpose to distinguish them in this opinion. Suffice it to say that, under the plain provisions of said § 1176, Crawford & Moses' Digest, the Lonoke Circuit Court acquired jurisdiction of petitioners by service in that county on one of the alleged joint tortfeasors.

The writ will be denied.