Betty H. CARNEY *v.* Maupin CUMMINGS, Judge

75-65                                    524 S.W. 2d 623

Opinion delivered June 30, 1975

*J. Wesley Sampier*, for petitioner.

LYLE BROWN, Justice. This is a petition for writ of prohibition asking this court to enjoin the circuit judge of Washington County from proceeding further in a suit for malicious prosecution. There is no dispute about the facts. Plaintiff in the court below alleged in a complaint for malicious prosecution that the petitioner here (defendant below) is a resident of Benton County. The record discloses that service of summons was had in Benton County. Petitioner argues that by reason of her residence in Benton County, and the service of summons upon her in Benton County, the venue is not in Washington County and that Benton County is the correct and only venue of an action of malicious prosecution against her.

Service of summons in this case is governed by Ark. Stat. Ann. § 27-613 (Repl. 1962) which says: "Every other action may be brought in any county in which the defendant, or one of several defendants, resides, or is summoned." In other words the proper venue for the filing of this cause is in the county of petitioner's residence or in a county where she may be served with summons, under the provision of the quoted section.

A case very much in point is *Baker* v. *Fraser*, 209 Ark. 932, 193 S.W. 2d 131 (1946). In that case Baker filed a civil action

for libel in Independence County against Fraser and other parties. The three defendants were all residents of Pulaski County and this court held that the filing of the suit in Independence County and obtaining service in Pulaski County was of no avail. It was held that libel is a transitory action and must be brought in the county where one of the defendants resides or where they may be served with summons. Another case in point is that of *International Harvester v. Brown, Judge*, 241 Ark. 452, 408 S.W. 2d 504 (1966).

Writ granted.