WILLIS SHAW FROZEN EXPRESS *v.*
Tom F. DIGBY, Judge

76-89                                      538 S.W. 2d 706

Opinion delivered July 19, 1976

*Couch, Blair, Cypert & Waters,* for petitioner.

*Laser, Sharp, Haley, Young & Boswell, P.A.,* for respondent.

GEORGE ROSE SMITH, Justice. The petitioner, Willis Shaw Frozen Express, is an Arkansas corporation engaged in transporting freight by truck, with its principal place of business in Washington county. Upon being sued in Pulaski County it appeared specially and moved that the service of summons be quashed. The motion was denied. The petitioner now seeks a writ of prohibition.

The litigation arises from the petitioner's asserted negligence in carrying a load of produce from Arizona to New York. The shipment did not cross Arkansas, but petitioner has "irregular lines" passing through Pulaski county. The cargo was damaged by being allowed to freeze. The plaintiff below, an insurance company, paid the shipper's loss and brought this action in Pulaski county, as subrogee, for reimbursement.

The issue of venue turns upon the meaning of two successive sections of the Civil Code. The first provides that an action against a domestic corporation may be brought in the county of its principal office — here Washington county. Ark. Stat. Ann. § 27-605 (Repl. 1962). The second provides that an action against a railroad company and certain other carriers (admittedly including the petitioner) for an injury to person or property upon the defendant's road or line "may be brought in any county through or into which the road or line of stages or coaches of the defendant upon which the cause of action arose passes." § 27-606.

Both sections say that the action "may be brought" in a particular county, but we have held that phrase to be mandatory. *Viking Freight Co.* v. *Keck,* 202 Ark. 656, 153 S.W. 2d 163 (1941). The petitioner argues that the two sections are in conflict unless we say that § 27-605 applies to domestic corporations and § 27-606 applies only to foreign corporations. That construction is foreclosed by our language in the *Viking*

case, where we said that § 27-606 makes no distinction between foreign and domestic corporations.

The petitioner is right, however, in insisting that under § 27-606 the suit must be brought in a county through or into which the road or line "upon which the cause of action arose" passes. We do not see how the language of the statute can be given any other interpretation. The respondent relies upon *Chicago, R.I. & P. Ry.* v. *Miller,* 103 Ark. 151, 146 S.W. 485 (1912), where the branch line upon which the cause of action arose did not run through Saline county, where we held the suit to be maintainable. The opinion did not discuss this particular point and, as we read the opinion, did not rule upon it. Furthermore, the defendant's railroad did extend into Saline county, so that the court, considering the main line and the branch line together, may have believed that the terms of § 27-606 were met. We also note that in the *Viking* case, *supra,* although the injury took place in Missouri, it occurred upon the same line that passed through Mississippi county, Arkansas, which we held to be the proper venue.

In the case at bar the shipment from Arizona to New York did not pass through Arkansas at all; so the cause of action could not have arisen upon the lines that pass through Pulaski county. We must sustain the petitioner's insistence that in this instance the venue is fixed by § 27-605.

Writ granted.

Roy, J., not participating.