Felix Vaughan TAYLOR *v.* David PARTAIN, Judge

CR 79-184                                     591 S.W. 2d 653

Opinion delivered January 7, 1980
(In Banc)

*Wiggins, Christian & Garner,* for petitioner.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for respondent.

GEORGE ROSE SMITH, Justice. The question is: Should a prosecution for unlawful failure to file a 1976 Arkansas in-

come tax return be brought in Sebastian county, where the taxpayer was a resident, or in Pulaski county, where the law required that the return be filed? The Sebastian Circuit Court overruled the defendant's motion to dismiss for want of jurisdiction and venue. We granted a temporary writ of prohibition and now hold that Pulaski county is the proper venue.

The information charges that Taylor failed to file his return on May 15, 1977, which was its statutory due date. Ark. Stat. Ann. § 84-2027 (Repl. 1960). The return must be filed with the Commissioner of Revenues at his office at Little Rock (in Pulaski county). *Id.* Failure to make any return, with intent to evade the requirements of the statute, is a misdemeanor. § 84-2036 (6).

The general rule is that a failure or omission to act, such as the failure to file a document in a certain county, is an offense committed in the county where the act should have been performed. *State* v. *Civella,* 368 S.W. 2d 444 (Mo., 1963), citing authority. We followed the general rule in *Louisiana & Ark. Ry.* v. *State,* 85 Ark. 12, 106 S.W. 960 (1907), where the statute made it a misdemeanor for the railroad company to fail to build a station at a certain point on its line. We held that the failure to build the station was an offense in the county where it should have been built, not in the county where the company had its domicile.

The Attorney General argues, however, that the income tax law provides that the failure to do any act required by the statute shall be deemed "an act committed in part at the office of the Commissioner in Little Rock." § 84-2036 (9). Even so, the statute does not say that the failure shall also be deemed to be an act committed in part at the taxpayer's residence. The statute, it must be noted, applies as well to nonresident taxpayers, whose actions outside this state are not being made a criminal offense in Arkansas. Moreover, the statute refers only to "any act required by or under the provisions of" the income tax law. That law did not require this taxpayer to do any act in Sebastian county. It did require him to file a return in Pulaski county.

A similar argument was rejected by the United States

Supreme Court in *United States* v. *Lombardo,* 241 U.S. 73 (1916). There the statute required that a certain written statement be filed with the Commissioner General of Immigration, in Washington, D.C. The defendant, a resident of Seattle, Washington, was charged there with having failed to file the statement. The prosecution argued that since the statement could have been deposited in the mail in Seattle, though the statute did not specify that action, the offense should be deemed a continuing one that occurred both in Seattle and in Washington, D.C. The court pointed out that "filing" is not complete until the document is delivered and received. "Anything short of delivery would leave the filing a disputable fact, and that would not be consistent with the spirit of the act." Furthermore, for the courts to create a continuing offense when the statute had not done so would create needless confusion.

The same thing is true in the case at bar. If we should go beyond the language of the income tax statute by saying that the offense occurred also in Sebastian county, then this taxpayer or another in his situation might raise an issue of fact by proof that he was not in the county on the due date of the return or that he customarily signed his return forms in the office of an accountant or tax consultant in an adjoining county, who also mailed them. We see no reason to create the possibility of uncertainty when the legislature intended that none should exist.

The writ of prohibition is granted.

STROUD and MAYS, JJ., not participating.