## SHELTER MUTUAL INSURANCE CO. and James WHITTENBURG *v.* Honorable Van B. TAYLOR, Conway County Chancellor and Francis Gay EMBRY

83-175                                           661 S.W.2d 369

Supreme Court of Arkansas
Opinion delivered December 5, 1983

*Matthews & Sanders,* by: *Roy Gene Sanders,* for petitioners.

*Gordon & Gordon, P.A.,* by: *Allen Gordon,* for respondents.

JOHN I. PURTLE, Justice. This is an original action in which the petitioners seek to prohibit the Conway County Chancery Court from proceeding with an action to reform an insurance policy. The selling agent is a resident of Pope County, Arkansas and maintains an office for the insurance company there. The insurance company is a foreign corporation with its registered agent for service of process and principal place of business in Pulaski County. The policyholder is a resident of Conway County. Petitioners contend that Conway County Chancery Court does not provide the proper venue to maintain the action to reform the insurance contract. We think petitioners are correct and grant the writ.

The policyholder argues Ark. Stat. Ann. § 66-3234 (Repl. 1980) is authority for maintaining the action in Conway County Chancery Court. This statute allows a policyholder to maintain an action in the county of his residence when the action is "against an insurer as to a loss occurring or benefits or rights provided under an insurance policy . . . " The answer to this allegation is that the action commenced in Conway County is not an action for *loss* or *benefits* under the policy. It is admitted that the policy did not provide coverage for loss by floods. The suit was commenced for the purpose of reforming the contract to provide for flood coverage and for damages after the contract is reformed.

We granted a writ of prohibition in a similar factual situation in the case of *American Republic Life Ins. Co.* v. *Cummings, Judge,* 218 Ark. 888, 239 S.W.2d 10 (1951). The wording of the statute has changed but *Republic* is still good law. There we held that a suit to recover premium and penalty was not an action on the policy for loss.

The action in Conway County Chancery Court is an action on contract, thus venue is governed by our general

venue statute, Ark. Stat. Ann. § 27-613 (Repl. 1979). This statute grants venue to any county in which a defendant, or one of several defendants, resides, or is summoned. Neither the insurer nor its agent was summoned in Conway County nor did either of them reside therein.

We have previously held that venue or lack of it is a proper subject for a writ of prohibition. *Tucker Enterprises, Inc.* v. *Hartje, Judge,* 278 Ark. 320, 650 S.W.2d 559 (1983). In treating the subject of venue and the application of Ark. Stat. Ann. § 27-613 we have held that when a complaint asserts both local and transitory causes of action venue is determined by the principal purpose of object of the complaint. *Atkins Pickle Co., Inc.* v. *Burrough-Uerling-Brasuell Consulting Engineers, Inc.,* 275 Ark. 135, 628 S.W.2d 9 (1982). An action for damages resulting from breach of contract cannot be maintained in a county when the only connection with that county is the residence of the plaintiff. *Beatty* v. *Ponder, Judge,* 278 Ark. 41, 642 S.W.2d 891 (1982).

Under the undisputed facts of this case, the writ is granted.

HAYS, J., concurs.