Phillip J. MILLIGAN *v.* CIRCUIT COURT of Crawford County

97-1502                                        959 S.W.2d 747

Supreme Court of Arkansas
Opinion delivered February 12, 1998

*Petitioner,* pro se.

No response.

PER CURIAM. This is a petition for writ of prohibition filed by Phillip J. Milligan to prevent the Crawford County Circuit Court from exercising jurisdiction over an amended complaint in intervention filed by the Sexton Law Firm, P.A., and Sam Sexton, Jr. (Sexton). We deny the writ.

On May 9, 1996, the Crawford County Circuit Court granted Sexton's motion to intervene in *John Watson, Phyllis Watson, et al. v. G. Ray Baker Trucking, Inc., et al.* (the *Watson* case), for the purpose of establishing an attorney's lien over one-half of the attorney fees generated through Milligan's representation of the Watsons. In July 1996, the Watsons received a settlement of $1,314,000, and on August 23, 1996, the Crawford County Circuit Court entered an order placing a sum of approximately $333,000, most of which was for attorney fees, in its court registry pending the resolution of litigation between Sexton and Milligan in Sebastian County Chancery Court. On September 17, 1996, the circuit court disbursed $30,000 to attorney John C. Everett, and on November 7, 1996, the circuit court disbursed one-half of the remaining money in the amount of $151,500 to Milligan for attorney fees.

In Sebastian County Chancery Court, Milligan prevailed against Sexton's complaint. On June 30, 1997, this court issued an opinion (1) reversing directed verdicts in favor of Milligan on Sexton's claims for breach of fiduciary duty and fraud, and (2) reversing a jury verdict in favor of Milligan on breach of contract and remanding the matter to Sebastian County Chancery Court. *See Sexton Law Firm, P.A. v. Milligan,* 329 Ark. 285, 948 S.W.2d 388 (1997).

Following our decision, Sexton filed an amended complaint in intervention in Crawford County Circuit Court on August 6, 1997, seeking once more the remaining $151,500 held in the court's registry as his share of attorney fees in the *Watson* case. Sexton also prayed for judgment against Milligan in the amount of $1,223.20 for expenses advanced by the firm to Milligan that remained unpaid and additional attorney fees pursuant to Ark. Code Ann. § 16-22-308 (1987). On August 15, 1997, Milligan moved to dismiss the amended complaint in intervention on grounds of improper venue and further moved for Rule 11 sanctions, which were denied. Milligan's petition for writ of prohibition was then filed in this court.

▪ Prohibition is an extraordinary writ that will issue only when the trial court is wholly without jurisdiction. *Boatmen's Nat'l Bank v. Cole*, 329 Ark. 209, 947 S.W.2d 362 (1997); *Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996). However, this court has traditionally issued the writ in circumstances where venue is improper. *Boatmen's Nat'l Bank v. Cole, supra; Steve Standridge Ins., Inc. v. Langston*, 321 Ark. 331, 900 S.W.2d 955 (1995); *Prairie Implement Co. v. Circuit Court of Prairie County*, 311 Ark. 200, 844 S.W.2d 299 (1992). In deciding whether prohibition will lie, this court restricts its review to the pleadings. *Boatmen's Nat'l Bank v. Cole, supra; Wise Co. v. Clay Circuit*, 315 Ark. 333, 869 S.W.2d 6 (1993), *reh'g denied*, 315 Ark. 336-A, 869 S.W.2d 6 (1994).

Milligan argues in support of his petition that the amended complaint in intervention is not a complaint to enforce an attorney's lien but rather a complaint seeking relief for breach of contract and breach of fiduciary duty. Citing us to Ark. Code Ann. § 16-60-116(a) (1987), Milligan contends that venue is improper because he neither resides nor was summoned in Crawford County. Sexton claims, on the other hand, that his complaint is one *quasi in rem* to determine the rights to the money in the registry of the Crawford County Circuit Court and, specifically, his rights to attorney fees.

We first note that in Sexton's amended complaint in intervention, he prays for judgment against the balance of the attorney

fees. We also note that the trial court granted the intervention by Sexton for the limited purpose of establishing an attorney's lien. The parties, in addition, are in apparent agreement that the Crawford County Circuit Court is the proper court to enter orders disposing of these attorney fees. We agree.

■ The General Assembly has expressly provided for a determination of attorney fees in the court where the action was instituted:

> (d) The court or commission before which an action was instituted, or in which an action may be pending at the time of settlement, compromise, or verdict, or in any chancery court of proper venue, upon the petition of the client or attorney at law, shall determine and enforce the lien created by this section.

Ark. Code Ann. § 16-22-304(d) (Repl. 1994). We interpret this provision to mean what it says, as this court has long recognized the jurisdiction of trial courts to determine and enforce attorney's liens. *See, e.g., Vaughan v. Hill,* 154 Ark. 528, 242 S.W. 826 (1922). Accordingly, we have no doubt that Crawford County was the appropriate venue for the award of attorney fees, including Sexton's claim to part of the attorney fees in connection with the *Watson* settlement.

■ Because Sexton is claiming his right to attorney fees against the money held in the registry of the Crawford County Circuit Court, we conclude that Crawford County is a proper venue for hearing Sexton's amended complaint in intervention under § 16-22-304(d). This being the case, it is not necessary for us to delve into the question of whether fraud was appropriately pled in Sexton's amended complaint.

Writ denied.