SLIP OPINION

Cite as 2016 Ark. 22

# SUPREME COURT OF ARKANSAS

No. CV–15–65

| | |
|---|---|
| DESOTO GATHERING COMPANY, LLC<br><br>PETITIONER<br><br>V.<br><br><br>BARBARA AND RICHARD RAMSEY; CARY AND RICHARD SHIRLEY; VIRGIE PARROTT; CLIFFORD AND LOVETA PRUITT; ALLAN AND TAMMY PETERSON; JEFFREY AND KIMBERLY WYNBORNY; VIRGINIA MILLS; MOLLY STONE;<br><br>AND<br><br>THE HONORABLE TROY B. BRASWELL, JR., FAULKNER COUNTY CIRCUIT COURT<br>RESPONDENTS | **Opinion Delivered** January 28, 2016<br><br>PETITION FOR WRIT OF PROHIBITION<br><br><br><br><br><br><br><br><br><br><br><br><u>PETITION FOR WRIT OF PROHIBITION DENIED</u>. |

**HOWARD W. BRILL, Chief Justice**

Petitioner DeSoto Gathering Co., LLC ("DeSoto"), has filed a petition for a writ of prohibition requesting that this court prohibit the Faulkner County Circuit Court from conducting further proceedings on a complaint filed by the respondents.[1] Pursuant to Arkansas Supreme Court Rule 1-2 (a)(3) (2015), we have jurisdiction of cases involving

---

[1]The respondents are Barbara and Richard Ramsey, Cary and Richard Shirley, Virgie Parrott, Clifford and Loveta Pruitt, Allan and Tammy Peterson, Jeffrey and Kimberly Wynborny, Virginia Mills, and Molly Stone (collectively "the Ramseys").

extraordinary writs. We deny DeSoto's petition for writ of prohibition.

On April 24, 2014, the Ramseys filed suit against DeSoto in the Faulkner County Circuit Court. According to the facts stated in the Ramseys' complaint, DeSoto is an Arkansas corporation with its principal place of business in Conway, Faulkner County. Five of the respondents live in White County approximately 1250 feet from a natural–gas compressor station owned and operated by DeSoto, and the other eight respondents live in Van Buren County similarly near a compressor station owned and operated by DeSoto. The Ramseys alleged that these compressor stations emit more than 185 tons of pollutants per year into the air and cause significant noise levels and vibrations. Specifically, the Ramseys alleged strict liability and negligence and sought discomfort damages and personal injuries resulting from the stations' noise, pollution, and vibrations. The Ramseys requested $3 million in compensatory damages and $5 million in punitive damages.

On June 9, 2014, DeSoto filed a motion to dismiss or transfer for improper venue pursuant to Arkansas Rule of Civil Procedure 12(b)(3), arguing that venue was not proper in Faulkner County. In its motion, DeSoto contended that, pursuant to Arkansas Code Annotated section 16-60-101 (Repl. 2005), property-based causes of action were required to be filed where the real property was located. DeSoto also asserted that if the circuit court characterized the Ramseys' suit as a personal-injury action, then, pursuant to Arkansas Code Annotated section 16-60-112(a), venue would be proper where the injury occurred. Thus, DeSoto reasoned that, because the compressor stations were located in White County and Van Buren County and because the respondents' allegations sounded in trespass, nuisance, or

SLIP OPINION

personal injury, then venue was not proper in Faulkner County. On July 15, 2014, the Ramseys filed their response, arguing that DeSoto was judicially estopped from asserting lack of venue because of "a pattern of inconsistent pleadings [filed in the federal and state courts] which have been filed in an effort to manipulate jurisdiction and to gain an unfair advantage." On December 2, 2014, the circuit court entered an order denying DeSoto's motion to dismiss or transfer for improper venue. Subsequently, DeSoto filed a petition for writ of prohibition requesting that this court issue the writ to prevent the circuit court from proceeding for lack of proper venue.

DeSoto now requests that this court issue a writ of prohibition to prevent the Ramseys from proceeding in the Faulkner County Circuit Court. The Ramseys counter that the extraordinary writ is not warranted in this case because the circuit court had jurisdiction to determine venue and that denying DeSoto's motion to dismiss was within the circuit court's discretion.[2]

Historically, the writ of prohibition has been narrowly defined. One of the common law writs,[3] it provides relief that bars, or prohibits, a lower court from proceeding with a matter.[4] A writ of prohibition is an extraordinary remedy and "*is only proper when the trial court*

---

[2]DeSoto relies on various venue statutes in its briefs. Recently, the enactment of Act 830 of 2015 has changed the language of these statutes cited by DeSoto. However, that legislation became effective after the operative dates in this case, and in any event, does not apply in this instance.

[3]On the common law writs in general, see Timothy L. Evans, *A Story of Certiorari: Jordan v. Cir. Ct. of Lee Cty.*, 60 Ark. L. Rev. 773 (2007).

[4]At the trial court level, a writ of prohibition is an order from the circuit court to an inferior court that prohibits the inferior court from proceeding in a case over which it has

3

*has no jurisdiction over the person of the petitioner*, is clearly warranted, and there are no disputed facts." *McGlothlin v. Kemp*, 314 Ark. 495, 497, 863 S.W.2d 313, 313 (1993) (citing *Lupo v. Lineberger*, 313 Ark. 315, 317, 855 S.W.2d 293, 294 (1993) (emphasis added)). As part of our superintending authority over circuit courts, we have the authority to issue the writ. Ark. Const. amend. 80, § 4.

First, a writ of prohibition is appropriate when the circuit court is wholly without jurisdiction. *White v. Palo*, 2011 Ark. 126, 380 S.W.3d 405. Jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *Conner v. Simes*, 355 Ark. 422, 139 S.W.3d 476 (2003). Second, a writ of prohibition is appropriate when there is no other remedy, such as an appeal, available. *White*, 2011 Ark. 126, 380 S.W.3d 405. We have stated that prohibition is a proper remedy when the jurisdiction of the circuit court depends on a legal, rather than a factual, question. *Coonrod v. Seay*, 367 Ark. 437, 241 S.W.3d 252 (2006). However, a legal question alone does not require this court to issue a writ of prohibition. This court confines its review to the pleadings in the case. *Id.*

Further, a writ of prohibition challenging an exercise of jurisdiction, even if erroneous and an abuse of discretion, is an improper usage of the writ. *S. Farm Bureau Cas. Ins. Co. v. Parsons*, 2013 Ark. 322, 429 S.W.3d 215. Writs of prohibition are prerogative writs, extremely narrow in scope and operation, and they are to be used with great caution and forbearance. *Ark. Game & Fish Comm'n v. Mills*, 371 Ark. 317, 265 S.W.3d 760 (2007). Prohibition should issue only in cases of extreme necessity. *Ulmer v. Cir. Ct. of Polk Cty.*, 366

---

no jurisdiction. *See* Ark. Code Ann. § 16-115-101 (Repl. 2006).

SLIP OPINION

Ark. 212, 234 S.W.3d 290 (2006). Recently, this court stated that a writ of prohibition cannot be invoked to correct an order already entered. *S. Farm Bureau Cas. Ins. Co.*, 2013 Ark. 322, 429 S.W.3d 215. "Each of the allegations in [the] petition concerns orders already entered by the circuit court. Because the circuit court has already acted, a writ of prohibition does not lie." *Id.* at 5, 429 S.W.3d at 218. In short, the writ of prohibition is preventive in its purpose, not corrective.

As a general rule, a petition for a writ of prohibition is not the proper remedy for the failure of a circuit court to grant a motion to dismiss. *See, e.g., Farm Bureau Mut. Ins. Co. of Ark., Inc. v. Southall*, 281 Ark. 141, 661 S.W.2d 383 (1983). In recent cases, this court has declined to exercise the discretionary writ when a circuit court has denied a motion to dismiss for improper venue. For example, in *Arkansas Game and Fish Commission*, 371 Ark. 317, 265 S.W.3d 760, the White County Circuit Court denied a motion to dismiss, and we denied the writ because the first prong of the test for a writ of prohibition—whether a circuit court is wholly without jurisdiction—was not satisfied. Because the pleadings demonstrated a statutory basis for venue in White County, the circuit court was not wholly without jurisdiction. Further, the second prong of the test—whether no other remedy, such as an appeal, is available—was not satisfied because the petitioner possessed another remedy. Simply put, the petitioner could have raised the venue issue by appealing the circuit court's final order. *Id.*

Likewise, the writ of prohibition has also been properly denied when a motion to dismiss was granted by the circuit court. In *Evans v. Blankenship*, 374 Ark. 104, 286 S.W.3d

137 (2008), the Washington County Circuit court granted the defendant's motion to dismiss and transferred the matter to Jefferson County because it concluded that it lacked jurisdiction. Again, in denying the writ, this court, citing *Manila Sch. Dist. No. 15 v. Wagner*, 357 Ark. 20, 159 S.W.3d 285 (2004), stated that "prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction." *Id*. at 107, 286 S.W.3d at 140.

Admittedly, this court has granted a writ of prohibition in cases in which improper venue was at issue. *See Centerpoint Energy, Inc. v. Miller Cty. Cir. Ct.*, 372 Ark. 343, 276 S.W.3d 231 (2008); *Premium Aircraft Parts, LLC v. Cir. Ct. of Carroll Cty.*, 347 Ark. 977, 69 S.W.3d 849 (2002). However, as we have previously explained, when we grant a writ for improper venue, we grant the writ because of the circuit court's lack of jurisdiction. *See Evans*, 374 Ark. 104, 286 S.W.3d 137. Not every case of improper venue implicates jurisdiction. Venue and jurisdiction are frequently confused. *Id*. This court has treated the venue issue as the equivalent of "jurisdiction over the person," perhaps because of history rather than logic. *See* David Newbern, John Watkins & D.P. Marshall Jr., *Arkansas Civil Practice & Procedure* § 9:1 (citing *Prairie Implement Co., Inc. v. Cir. Ct. of S. Dist. of Prairie Cty.*, 311 Ark. 200, 844 S.W.2d 299 (1992)). We granted the writ in *Premium*, where the plaintiff filed a complaint in the Carroll County Chancery Court alleging misappropriated trade secrets against the defendants who were located in Sebastian County. After the circuit court denied their motion to dismiss, the defendants sought a writ of prohibition, arguing that the plaintiff could not bring the action in Carroll County, the county of the plaintiff's residence. Concluding that the Carroll County Chancery Court was *wholly without jurisdiction* under the

applicable venue statutes, we agreed and granted the writ. *Id.*

Additionally, in *Centerpoint Energy, Inc.*, 372 Ark. 343, 276 S.W.3d 231, we discussed the issuance of a writ of prohibition in a matter alleging improper venue. There, we stated,

> The purpose of a writ of prohibition is to prevent a court from exercising a power not authorized by law when there is no adequate remedy by appeal or otherwise. . . . [A] writ of prohibition is extraordinary relief that is . . . appropriate when the trial court is wholly without jurisdiction. While jurisdiction is the power and authority of the court to act, venue is the place where the power to adjudicate is to be exercised. Venue has thus often been characterized as procedural rather than jurisdictional.

*Id.* at 354, 276 S.W.3d at 239 (citations omitted). In *Centerpoint*, we held that the circuit court did not have jurisdiction over the proceedings below because we had previously held in *Centerpoint Energy, Inc. v. Miller County Circuit Court*, 370 Ark. 190, 258 S.W.3d 336 (2007), that the Arkansas Public Service Commission had sole and exclusive jurisdiction, rather than the circuit court, over the claims asserted by the respondents involving Centerpoint's Arkansas customers. *Id.*

The present case is distinguishable from *Premium* and *Centerpoint* because the circuit court in the instant case did not lack jurisdiction. As we have explained, both *Premium* and *Centerpoint* involved situations in which the circuit court "improperly retained jurisdiction and where venue was not proper in the respective courts. Thus, the court's lack of jurisdiction over the persons warranted issuance of the writs of prohibition." *See Evans*, 374 Ark. 104, 108, 286 S.W.3d 137, 141. Here, however, the Ramseys properly filed their action *in the county of the petitioner, DeSoto*. The Faulkner County Circuit Court had jurisdiction over the subject matter, and personal jurisdiction was not in dispute because the lawsuit was brought

in the principal place of business of DeSoto. The only issue presented to the circuit court was the issue of venue. In their complaint, the Ramseys stated sufficient facts to support venue in Faulkner County by asserting that DeSoto's principal place of business rested in Conway, Faulkner County. Thus, we conclude that the Faulkner County Circuit Court properly confined its review to the pleadings in the case and properly ruled on DeSoto's motion to dismiss. For these reasons, we hold that DeSoto has failed to demonstrate that Faulkner County is wholly without jurisdiction on the issue of venue, and therefore, DeSoto is not entitled to a writ of prohibition.

We further note that DeSoto has the opportunity to raise the issue of venue in an appeal to this court. We have stated that a circuit court's order regarding improper venue may be appealed once a final, appealable order has been issued. *See, e.g.*, *Evans*, 374 Ark. 104, 286 S.W.3d 137 (citing *Gailey v. Allstate Ins. Co.*, 362 Ark. 568, 210 S.W.3d 40 (2005)). We have also held that once a final order has been entered, an appeal can be taken, and the question of venue, once put in issue, is not lost by continuing through a trial of the matter. *Heber Springs Lawn & Garden, Inc. v. FMC Corp.*, 275 Ark. 260, 628 S.W.2d 563 (1982) (citing *Wilson v. Wilson*, 270 Ark. 485, 606 S.W.2d 56 (1980)).

Rule 2 of the Arkansas Rules of Appellate Procedure–Civil does not authorize an interlocutory appeal in this situation. Nor do we have a rule similar to 28 U.S.C. § 1292(b) that authorizes a circuit court to designate an order containing a controlling question of law, thereby certifying the question to this court. The extraordinary writ of prohibition has clearly defined uses; accordingly, our resort to it should be restrained. Granting a writ in this

particular instance would encourage any litigant who is dissatisfied with a circuit court ruling on venue to immediately seek a writ to review that ruling. Such an expanded use of the writ does not give proper deference to the rulings of the circuit court. Nor is it consistent with our primary requirement of finality for purposes of appeals and our policy against piecemeal appeals. Seeking immediate appellate review after a circuit court ruling on venue is not the proper time, and an extraordinary writ is not the method.

Petition for writ of prohibition denied.

Special Justice KRISTIN PAWLIK and Special Justice MIKE RYBURN join.

GOODSON and WYNNE, JJ., dissent.

DANIELSON and BAKER, JJ., not participating.

**COURTNEY HUDSON GOODSON, Justice, dissenting.** A majority of this court declares that a writ of prohibition is not the appropriate method for challenging a circuit court's ruling on venue. As though it were writing on a clean slate, the majority makes this bold pronouncement even though it is contrary to well-established caselaw consisting of at least sixty-five decisions and the historical practice of this court spanning over eighty-five years. Because a writ of prohibition is and has long been considered the proper vehicle for a defendant to challenge an adverse ruling on venue, I must emphatically dissent. Accordingly, I would address the merits of the issue presented in the petition and answer the question whether venue of this cause of action lies in the Circuit Court of Faulkner County, or elsewhere.

SLIP OPINION

For decades, we have made clear that a writ of prohibition is an original action in this court under which we may consider the issue whether venue is proper. *Premium Aircraft Parts, LLC v. Circuit Court of Carroll Cty.*, 347 Ark. 977, 69 S.W.3d 849 (2002); *Willis v. Circuit Court of Phillips Cty.*, 342 Ark. 128, 27 S.W.3d 372 (2000). Succinctly stated, we address allegations of improper venue by means of the extraordinary writ. *Evans v. Blankenship*, 374 Ark. 104, 286 S.W.3d 137 (2008) (citing *Premium Aircraft*, *supra).* This court has recognized that "we commonly issue writs of prohibition when venue is improperly laid." *Fausett v. Host*, 315 Ark. 527, 534, 868 S.W.2d 472, 475 (1994) (citing *Thompson v. Dunlap*, 244 Ark. 178, 424 S.W.2d 360 (1968)). This court "has traditionally issued the writ in circumstances where venue is improper." *Milligan v. Circuit Court of Crawford Cty.*, 331 Ark. 439, 441, 959 S.W.2d 747, 748 (1998) (per curiam). *See also Ford v. Wilson*, 327 Ark. 243, 248, 939 S.W.2d 258, 260 (1997) (recognizing that "the writ may issue when venue lies improperly"). We have expressly held that venue, or the lack of it, is a "proper subject for a writ of prohibition." *Shelter Mut. Ins. Co. v. Taylor*, 281 Ark. 60, 62, 661 S.W.2d 369, 370 (1983) (citing *Tucker Enters., Inc. v. Hartje*, 278 Ark. 320, 650 S.W.2d 559 (1983)). Indeed, this court has often observed that we have a "long history" of granting the writ when venue is improper as to a party. *Centerpoint Energy, Inc. v. Miller Cty. Circuit Court*, 372 Ark. 343, 354, 276 S.W.3d 231, 239 (2008) (*Centerpoint II*); *Ark. Game & Fish Comm'n v. Harkey*, 345 Ark. 279, 283, 45 S.W.3d 829, 832 (2001); *Steve Standridge Ins., Inc. v. Langston*, 321 Ark. 331, 333, 900 S.W.2d 955, 957 (1995). As this court has stated many times, this is so because the issue of venue is characterized as one of jurisdiction of the person, the improper assertion of which, in that

instance, justifies the issuance of a writ of prohibition. *Centerpoint II, supra*; *Harkey, supra*; *Steve Standridge, supra*; *Tortorich v. Tortorich*, 333 Ark. 15, 968 S.W.2d 53 (1998). Thus, a writ of prohibition will issue when a lower court without venue is about to act. *Griffin v. State*, 297 Ark. 208, 760 S.W.2d 852 (1988) (citing *Tucker Enters.*, *supra*; *Beatty v. Ponder*, 278 Ark. 41, 642 S.W.2d 891 (1982) (overruled as superseded by statute on other grounds, as recognized in *Henderson Specialties, Inc. v. Boone Cnty. Circuit Court*, 334 Ark. 111, 971 S.W.2d 234 (1998)); *Int'l Harvester Co. v. Brown*, 241 Ark. 452, 408 S.W.2d 504 (1966); and *Monette Road Improvement Dist. v. Dudley*, 144 Ark. 169, 222 S.W. 59 (1920)). In conducting this review, we look only to the pleadings to determine if a complaint lacks sufficient facts to support venue, and we ascertain the character of the action and the primary right asserted from the face of the complaint. *Centerpoint II, supra*. The only limitation this court has placed on this practice is that we will grant the writ only when there are no disputed facts regarding venue. *Henderson Specialties, supra*; *Porter Foods, Inc. v. Brown*, 241 Ark. 148, 661 S.W.2d 388 (1983); *Coley v. Amsler*, 226 Ark. 492, 290 S.W.2d 840 (1956); *Twin City Lines, Inc. v. Cummings*, 212 Ark. 569, 206 S.W.2d 438 (1947).

It is evident that this court has deemed a writ of prohibition as an accepted means to review the merits of a lower court's denial of a motion to dismiss asserting improper venue. This principle is so firmly established that a respected treatise states unequivocally that "if a venue challenge is rejected and the issue does not require a factual determination, the defendant may file a petition for writ of prohibition asking the Supreme Court to prevent the trial court from entertaining the action." David Newbern, John Watkins & D.P. Marshall Jr.,

*Arkansas Civil Practice & Procedure* § 9.1 (5th ed. 2010). In taking the opposite view, the

majority insists that a writ of prohibition does not lie in these circumstances unless a circuit

court is "wholly without jurisdiction," and it emphasizes that jurisdiction and venue involve

different principles. However, this court has accepted petitions for writ of prohibition to

determine whether venue is proper with the full knowledge that jurisdiction and venue are

not identical concepts and that the question of venue does not quite fit squarely within the

standards typically applied when considering a writ of prohibition. On this subject, we have

said,

> As stated earlier, a writ of prohibition is extraordinary relief that is only
> appropriate when the trial court is wholly without jurisdiction. While
> jurisdiction is the power and authority of the court to act, venue is the place
> where the power to adjudicate is to be exercised. [*Ark. Game & Fish Comm'n
> v. Harkey*, *supra*]. Venue has thus often been characterized as procedural rather
> than jurisdictional. *Id.* However, even though procedural, this court has a long
> history of granting the writ when venue is improper as to a party. *Id.* This is
> so because this court characterizes the venue issue as one of jurisdiction of the
> person, the improper assertion of which in that instance, justified issuance of
> the writ. *Id.*

*Centerpoint II*, 372 Ark. at 354, 276 S.W.3d at 239.

Any question regarding this court's traditional practice was laid to rest not so long ago

in *Prairie Implement Co. v. Circuit Court of Prairie County*, 311 Ark. 200, 844 S.W.2d 299

(1992). There, the petitioner applied to this court for a writ of prohibition to contest venue

in a breach-of-contract action. In the course of the opinion, we addressed the respondent's

argument in opposing the petition that "venue is not the same as jurisdiction, suggesting that

an appeal would be the only remedy available to petitioner." *Prairie Implement*, 311 Ark. at

201, 844 S.W.2d at 201. As to the availability of an appeal, we rejected that contention by

SLIP OPINION

saying that such a claim would be a valid consideration only "*when there is a dispute of fact.*" *Id*. (emphasis in original). On the question that the writ does not apply because venue does not implicate the lower court's jurisdiction, we stated,

> This court understands that venue is a procedural matter, not a jurisdictional one. *Mark Twain Life Ins. Corp. v. Cory*, 283 Ark. 55, 670 S.W.2d 809 (1984). This distinction is made clear in our holdings that, absent an objection, a trial court has the power to render a binding judgment even though venue was not proper. *See Gland-O-Lac v. Creekmore*, 230 Ark. 919, 327 S.W.2d 558 (1959). Even though lack of venue is not the same as lack of jurisdiction, we treated venue the same as jurisdiction–over–the–person for many years in determining whether a writ of prohibition should issue. Perhaps our reasoning has been based more on history than in logic.
>
> In early years we held that if a defendant filed a motion objecting to venue or a motion to quash invalid service, and the trial court ruled against him, an appeal to this court served to enter his general appearance in the case no matter how erroneous the trial court ruling might have been. *Benjamin v. Birmingham*, 50 Ark. 433, 8 S.W. 183 (1887). For example, in *Waggoner v. Fogleman*, 53 Ark. 181, 13 S.W. 729 (1890), in a short but illustrative two-sentence opinion, we held that the judgment in the trial court was void for lack of service, but "the appellant having entered her appearance by the appeal is now in court, and no further service is required" upon remand. This unreasonable rule was severely criticized by the court in *Chapman & Dewey Lumber Co. v. Means*, 191 Ark. 1066, 88 S.W.2d 829 (1935), and finally overruled in *Anheuser-Busch, Inc. v. Manion*, 193 Ark. 405, 100 S.W.2d 672 (1937). Perhaps in response to the harshness of such a rule, and because, with such a rule, an appeal could not afford an adequate remedy, we began to allow defendants to seek prohibition after they had objected to venue, even though it was not truly an objection to jurisdiction. *Today, we continue to follow our precedent, and we will grant the writ when, on undisputed facts, a trial court erroneously finds that venue is proper. Arkansas Bank & Trust Co. v. Erwin*, 300 Ark. 599, 781 S.W.2d 21 (1989); *Tucker Enterprises, Inc. v. Hartje*, 278 Ark. 320, 650 S.W.2d 559 (1983); *Beatty v. Ponder*, 278 Ark. 41, 642 S.W.2d 891 (1982); *International Harvester v. Brown*, 241 Ark. 452, 408 S.W.2d 504 (1966); *Monette Road Improvement Dist. v. Dudley*, 144 Ark. 169, 222 S.W. 59 (1920). *Accordingly, we will consider issuing the writ in this case.*

*Prairie Implement*, 311 Ark. at 202–03, 844 S.W.2d at 300 (emphasis supplied).[1]

Our holding in *Prairie Implement* could not be clearer—a writ of prohibition is the proper method to challenge improper venue, unless the resolution of that issue depends on disputed facts. What is more, this court expressly reaffirmed this practice in *Steve Standridge*, *supra*, where we said,

> Issuance of a writ of prohibition is limited in most instances to cases in which there is a complete lack of jurisdiction in the trial court of the subject matter of litigation and there is no other way to halt the proceedings. *Monroe Auto Equipment Co. v. Partlow*, 311 Ark. 633, 846 S.W.2d 637 (1993). This Court, however, has a long history of granting the writ in favor of a party as to whom venue is improperly laid. We characterize the venue issue as one of jurisdiction of the person, the improper assertion of which, in that instance, justifies issuance of a writ of prohibition. That tradition and the reasons for it are reported and explained in *Prairie Implement Co. v. Circuit Court of Prairie County*, 311 Ark. 200, 844 S.W.2d 299 (1992).

*Steve Standridge*, 321 Ark. at 333, 900 S.W.2d at 956–57. *See also Boatmen's Nat'l Bank of Ark. v. Cole*, 329 Ark. 209, 947 S.W.2d 362 (1997) (citing *Prairie Implement* as the case explaining this court's tradition of issuing writ of prohibition where venue is improper). Until today's decision, our opinions reflect this court's settled and clear understanding that the writ is an appropriate means to contest venue.

The majority's logic is flawed. Particularly confusing is its statement, without citation to authority, that "[n]ot every case of improper venue implicates jurisdiction." However, as discussed at length above, we have said time and again that a circuit court's erroneous and improper assertion of venue is grounds for issuing the writ. Our law could not be more plain.

[1]In *Prairie Implement*, although we entertained the writ, we ultimately declined to issue it because the grounds asserted before us in the petition were not raised or ruled upon in the circuit court.

SLIP OPINION

In an additional, yet vain, effort to support its position, the majority cherry picks a few from the multitude of this court's decisions concerning the writ and venue. I will discuss each in turn.

The majority cites *Farm Bureau Mutual Insurance Co. of Arkansas, Inc. v. Southall*, 281 Ark. 141, 661 S.W.2d 383 (1983), for the proposition that "a writ of prohibition is not the proper remedy for the failure of a circuit court to grant a motion to dismiss." However, the majority takes this statement entirely out of context. The opinion reveals that this court was referring to the argument in the petition for writ of prohibition claiming error in the denial of a motion to dismiss on the ground that the complaint failed to state facts upon which relief could be granted. Accordingly, and correctly, this court did not address the denial of the motion to dismiss on that basis because it is not a proper subject of the writ. Consequently, the *Southall* court "limit[ed] [its] review to the issue of jurisdiction, which does include the matter of venue." *Southall*, 281 Ark. at 144, 661 S.W.2d at 385. In considering the writ, we reviewed the pleadings and the relevant venue statutes, determined that two of the statutes could apply to the cause of action, and denied the writ because both of those statutes placed venue in the court where the action was pending. *Southall* is by no means authority for the majority's position. Rather, it is a reflection of this court's practice to determine the merits of the question whether venue is proper.

Next, the majority refers to *Arkansas Game and Fish Commission v. Mills*, 371 Ark. 317, 265 S.W.3d 760 (2007), which it touts as an example of a case where this court denied the writ of prohibition because jurisdiction was not wholly lacking and the remedy of appeal was

available. In that case, the plaintiffs sued the Commission in White County seeking the reformation of deeds relating to mineral interests in property located in White and Prairie Counties. The Commission sought a writ of prohibition in this court, contending that suits against it had to be filed in Pulaski County pursuant to a particular venue statute. After reviewing the pertinent venue statutes in existence at that time and considering the merits of the arguments raised, this court concluded that the case fit within an exception that allowed an action to be brought in a county other than Pulaski County if the action could be filed in another county pursuant to another venue statute. We denied the writ and held that venue in White County was proper because another venue statute permitted suits affecting an interest in real property to be filed in the county where the property was located. Notably, this court did not say that the writ was not the appropriate means to test venue. On the contrary, the opinion in that case is simply another example of our practice to determine whether venue in a particular county is proper by means of the extraordinary writ. The same can be said of our decision in *Premium Aircraft*, *supra*, which is also cited by the majority. There, we granted the writ after considering the allegations in the complaint with respect to the venue statute in question and upon determining the issue on the merits that venue did not lie in the county where the lawsuit had been filed.

The majority's reliance on *Centerpoint II*, *supra*, is particularly unavailing. In its opinion, the majority states that we granted the writ of prohibition in that case on the issue of venue because jurisdiction in the circuit court was lacking based on *Centerpoint Energy, Inc. v. Miller County Circuit Court*, 370 Ark. 190, 258 S.W.3d 336 (2007) (*Centerpoint I*), where this

court held that the Arkansas Public Service Commission had exclusive jurisdiction over the claims asserted by Arkansas customers. This statement made by the majority is either a grievous misreading of the opinion in *Centerpoint II*, or worse, a deliberate perversion of the holding in that case. Following the decision in *Centerpoint I* that jurisdiction of the claims of the Arkansas customers lay exclusively before the Commission, Centerpoint moved in the circuit court to dismiss for improper venue because, once the claims of the Arkansas customers were dismissed, the only remaining plaintiff was a resident of Texas. Thus, Centerpoint argued that venue in Miller County, Arkansas, was improper. The circuit court disagreed, and Centerpoint filed, among other things, a petition for writ of prohibition in this court to contest venue in Miller County. In *Centerpoint II*, this court granted the writ, but our decision did not rest, as the majority states, on the holding in the prior appeal that the Commission had exclusive jurisdiction. Instead, we granted the writ because no Arkansas venue statute fixed venue in Miller County over claims brought by a plaintiff who was a resident of the State of Texas.

Clearly, the majority's decision rests on infirm ground because the authorities cited in the opinion do not support its position. As I have said, and this court has openly acknowledged, we have a long history and tradition of entertaining the writ of prohibition to determine whether venue is proper. In effect, and by abruptly changing course, the majority overrules scores of cases upon which this tradition was built and carried forward. *See, e.g., Bd. of Trustees v. Crawford Cty. Circuit Court*, 2014 Ark. 60, 431 S.W.3d 851 (accepting a petition for writ of prohibition contesting venue as a case but holding that the issue of venue

17

was moot, based on the decision in a companion case, that the defendant enjoyed sovereign immunity); *Centerpoint II*, *supra* (granting a writ of prohibition for improper venue); *Kinder Morgan Texas Pipeline, L.P. v. Circuit Court of Miller Cty.*, 372 Ark. 358, 276 S.W.3d 242 (2008) (issuing the writ because venue was improper); *Mills*, *supra* (denying the writ because venue was proper); *Premium Aircraft*, *supra* (granting the writ for improper venue); *Harkey*, *supra* (granting the writ for lack of venue); *Willis*, *supra* (granting the writ because venue was not proper); *Henderson Specialties*, *supra* (denying the writ because respondent pled adequate facts to support venue); *Milligan*, *supra* (denying the writ because venue was proper); *Bristol-Meyers Squibb Co. v. Saline Cty. Circuit Court*, 329 Ark. 357, 947 S.W.2d 12 (1997) (granting the writ for improper venue); *Boatmen's Nat'l Bank*, *supra* (denying the writ where venue was proper); *Ford*, *supra* (denying the writ because venue was proper); *Steve Standridge*, *supra* (granting the writ for improper venue); *Evans Indus. Coatings, Inc. v. Chancery Court of Union Cty.*, 315 Ark. 728, 870 S.W.2d 701 (1994) (granting the writ for improper venue); *Prairie Implement*, *supra* (adhering to precedent that the writ is the proper means to challenge venue but denying the writ because the grounds asserted in the petition were not raised below); *Ark. Bank & Trust Co. v. Erwin*, 300 Ark. 599, 781 S.W.2d 21 (1989) (denying the writ because venue was proper); *Griffin*, *supra* (recognizing that the writ will issue when a lower court without venue is about to act); *Benton Window & Door, Little Rock Div., Inc. v. Garrett*, 290 Ark. 244, 718 S.W.2d 438 (1986) (denying the writ where venue was proper); *Wilson-Pugh, Inc. v. Taylor*, 289 Ark. 102, 709 S.W.2d 93 (1986) (granting the writ because venue was improper); *FirstSouth, F.A. v. Yates*, 286 Ark. 82, 689 S.W.2d 532 (1985) (granting the writ

because venue was not proper); *Porter Foods*, *supra* (denying the writ because the venue question turned on a finding of fact); *Southall*, *supra* (denying the writ because venue was proper); *Shelter Mut. Ins. Co.*, *supra* (granting the writ where venue was improper); *Hartje*, *supra* (granting the writ for improper venue); *Beatty*, *supra* (granting the writ where venue was improper); *Frank A. Rogers & Co. v. Whitmore*, 275 Ark. 324, 629 S.W.2d 293 (1982) (denying the writ because venue was proper); *Taylor v. Partain*, 267 Ark. 476, 591 S.W.2d 653 (1980) (granting the writ where venue was not proper); *Am. Sav. & Loan Ass'n v. Enfield*, 261 Ark. 796, 551 S.W.2d 552 (1977) (denying the writ because venue was proper); *Philco-Ford Corp. v. Holland*, 261 Ark. 404, 548 S.W.2d 828 (1977) (granting the writ where application of the venue statute to a foreign corporation was deemed unconstitutional); *Willis Shaw Frozen Express v. Digby*, 260 Ark. 284, 538 S.W.2d 706 (1976) (granting the writ where venue was improper); *Carney v. Cummings*, 258 Ark. 362, 524 S.W.2d 623 (1975) (granting the writ because venue was not proper); *Forrest City Mach. Works, Inc. v. Colvin*, 257 Ark. 889, 521 S.W.2d 206 (1975) (denying the writ because venue was proper); *Doyle v. Williams*, 251 Ark. 797, 475 S.W.2d 170 (1972) (granting the writ where venue was improper); *Sw. Bell Tel. Co. v. Roberts*, 246 Ark. 864, 440 S.W.2d 208 (1969) (granting the writ where venue was not proper); *Ark. Valley Indus., Inc. v. Roberts*, 244 Ark. 432, 425 S.W.2d 298 (1968) (granting the writ where venue was wrongly placed); *Evans Labs., Inc. v. Roberts*, 243 Ark. 987, 423 S.W.2d 271 (1968) (granting the writ where venue was improper); *Int'l Harvester*, *supra* (granting the writ because venue was not proper); *Belford v. Taylor*, 241 Ark. 220, 406 S.W.2d 868 (1966) (denying the writ where the resolution of the venue question depended on disputed facts);

19

*Murry v. Circuit Court of Saline Cnty.*, 230 Ark. 132, 320 S.W.2d 940 (1959) (same); *Nw. Motors, Inc. v. Creekmore*, 229 Ark. 755, 318 S.W.2d 614 (1958) (granting the writ for improper venue); *Hicks v. Wolfe*, 228 Ark. 406, 307 S.W.2d 784 (1957) (granting the writ where venue was not proper); *Coley, supra* (denying the writ because resolving the venue issue depended on disputed facts); *Se. Constr. Co. v. Wood*, 223 Ark. 325, 265 S.W.2d 720 (1954) (denying the writ because venue was proper); *Se. Constr. Co. v. Wood*, 223 Ark. 328, 265 S.W.2d 722 (1954) (same); *Am. Republic Life Ins. Co. v. Cummings*, 218 Ark. 888, 239 S.W.2d 10 (1951) (granting the writ where venue was improper); *E. Tex. Motor Freight Lines, Inc. v. Wood*, 218 Ark. 211, 235 S.W.2d 882 (1951) (denying the writ because venue was proper); *Sims v. Toler*, 214 Ark. 732, 217 S.W.2d 928 (1949) (granting the writ where venue was not proper); *Twin City Lines, Inc. v. Cummings, supra* (denying the writ where the venue question depended on disputed facts); *Gen. Motors Acceptance Corp. v. Purkins*, 204 Ark. 229, 161 S.W.2d 398 (1942) (denying the writ where venue was proper); *McCain v. Hammock*, 204 Ark. 163, 161 S.W.2d 192 (1942) (denying the writ because venue was proper); *Chicago, Rock Island & Pac. Ry. v. Bone*, 203 Ark. 1067, 160 S.W.2d 51 (1942) (denying the writ where venue was proper); *Gocio v. Seamster,* 203 Ark. 944, 160 S.W.2d 197 (1942) (denying the writ because venue was proper); *Norton v. Purkins*, 203 Ark. 586, 157 S.W.2d 765 (1942) (granting the writ where venue was improper); *Mo. Pac. R.R. Co. v. Kincannon*, 203 Ark. 76, 156 S.W.2d 70 (1941) (denying the writ where venue was proper); *Terminal Oil Co. v. Gautney*, 202 Ark. 748, 152 S.W.2d 309 (1941) (granting the writ because venue was improper); *Viking Freight Co. v. Keck*, 202 Ark. 656, 153 S.W.2d 163 (1941) (denying the writ where venue was

proper); *Coca-Cola Bottling Co. v. Kincannon*, 202 Ark. 235, 150 S.W.2d 193 (1941) (denying the writ because venue was proper); *Fort Smith Gas Co. v. Kincannon*, 202 Ark. 216, 150 S.W.2d 968 (1941) (granting the writ where venue was improper); *Grayson v. Garratt*, 192 Ark. 47, 90 S.W.2d 500 (1936) (denying the writ because venue was proper); *W. Union Tel. Co. v. Bush*, 191 Ark. 1085, 89 S.W.2d 723 (1935) (granting the writ because venue was improper); *Meeks v. Waggoner*, 191 Ark. 189, 85 S.W.2d 711 (1935) (denying the writ where venue was proper); *Mo. Pac. R.R. Co. v. Henry*, 188 Ark. 530, 66 S.W.2d 636 (1934) (granting the writ because venue was not proper); *Williams v. Priddy*, 188 Ark. 137, 64 S.W.2d 553 (1933) (granting the writ where venue was improper); *Pac. Mut. Life Ins. Co. v. Toler*, 187 Ark. 1073, 63 S.W.2d 839 (1933) (recognizing that the writ is the appropriate remedy to test venue but denying the writ because the question of venue was waived); *Leonard v. Henry*, 187 Ark. 75, 58 S.W.2d 430 (1933) (granting the writ because venue improper); *Crow v. Futrell*, 186 Ark. 926, 56 S.W.2d 1030 (1933) (denying the writ where the placement of venue depended on disputed facts); *Drainage Dist. No. 7, Poinsett Cty. v. Hutchins*, 184 Ark. 521, 42 S.W.2d 996 (1931) (denying the writ because venue was proper).

In each of these decisions, this court examined the pleadings to determine the true character of the action, reviewed the competing venue statutes at issue, and we have either granted the writ because venue was improper or denied it because venue was proper or turned on disputed facts. The majority is simply wrong to say that the petition presently before us represents an unwarranted expansion of the use of the writ. On the contrary, this case is merely the latest in a long line of decisions where, with the approval of this court, the writ

is considered a proper means to challenge venue. In *Prairie Implement*, *supra*, this court both explained and confirmed the settled practice of entertaining the writ on questions of venue, speaking of adherence to precedent, which is reflected in the foregoing decisions that I have mentioned. In the face of such a well-developed body of the law, I am compelled to remind the majority of the policy behind stare decisis, which is to lend predictability and stability to the law. *See Miller v. Enders*, 2013 Ark. 23, 425 S.W.3d 723. There is a strong presumption of the validity of prior decisions, and it is necessary, as a matter of public policy, to uphold previous decisions unless great injury or injustice would result. *Id*. In matters of practice, adherence by a court to its own decisions is necessary and proper for the regularity and uniformity of practice, so that litigants may know with certainty the rules by which they must be governed in conducting their cases. *McCutchen v. City of Fort Smith*, 2012 Ark. 452, 425 S.W.3d 671. Precedent governs until it gives a result so patently wrong, so manifestly unjust, that a break becomes unavoidable. *Couch v. Farmers Ins. Co.* 375 Ark. 255, 289 S.W.3d 909 (2008). In tossing these cases aside, the majority does not explain why its denouncement of our settled and long-held practice that spans decades is necessary.

In the present case, the respondents filed suit in Faulkner County as the county of the petitioner's principal office pursuant to Arkansas Code Annotated section 16-55-213(a)(2)(B) (Repl. 2005). In seeking the writ of prohibition, petitioner asserts that the allegations contained in the respondents' complaint sound in trespass and nuisance which, being local in nature as operating on the lands in question, must be brought in White and Van Buren Counties, where the properties are located, under Arkansas Code Annotated section 16-60-

101(4) (Repl. 2005). Alternatively, the petitioner contends that the respondents stated claims for personal injuries and that, even accepting that characterization, venue also lies in White and Van Buren Counties pursuant to Arkansas Code Annotated section 16-60-112(a) (Repl. 2005).[2] Further, the petitioner argues that the application of section 16-60-112(a) is mandatory even if the defendant is a corporation, citing *Arkansas Bank & Trust Co. v. Erwin*, *supra*, and *Colvin*, *supra*.

In the past, when determining whether the complaint lacks facts to support venue, this court has endeavored to address the merits of the venue question presented by ascertaining from the face of the complaint the character of the action and the primary right asserted. *See, e.g.*, *Henderson Specialties*, *supra*. Here, the majority holds that it need not decide whether venue actually resides in Faulkner County. According to the majority, it is enough that there is some conceivable basis for the placement of venue in the county where the respondents chose to file suit. Stated another way, the majority has determined that it will not decide the merits of the question whether venue properly lies in Faulkner County. However, it is this court's fundamental duty to give effect to the legislative purpose set by the venue statutes. *Centerpoint II*, *supra*; *Premium Aircraft*, *supra*; *Quinney v. Pittman*, 320 Ark. 177, 895 S.W.2d 538 (1995). *See also Meeks*, 191 Ark. at 189, 85 S.W.2d at 711 (recognizing that "[t]he Legislature,

---

[2]The General Assembly made changes to our venue laws with the passage of Act 830 of 2015, which became effective on July 22, 2015. The parties in this case do not mention or discuss the provisions of the new act or the effect, if any, that the revisions may have on the present controversy. *Cf. Fort Smith Gas Co. v. Kincannon*, *supra* (granting the writ of prohibition and holding that venue statutes, being procedural in nature, are to be applied retroactively, even as to cases that are properly filed under a repealed statute, unless the new act contains a savings clause).

however, prescribes the venue of actions and . . . with the wisdom of its action in such matters, the courts have nothing to do"). Moreover, as explained in great detail above, the majority's decision is out of step with our settled practice of entertaining the writ and determining where venue properly lies. This court should resolve the merits of the venue question before us, as guided by our caselaw. For all these reasons, I dissent.

WYNNE, J., joins.

*PPGMR LAW, PLLC*, by: *G. Alan Perkins* and *Kimberly D. Logue*, for petitioner.

*Deal, Cooper & Holton PLLC*, by: *Timothy R. Holton* and *John R. Holton*, for respondents.